The STATE of Texas, Appellant,

v.

Elfego BENAVIDES, Appellee.

No. 13–88–456–CV.

Court of Appeals of Texas,
Corpus Christi.

May 25, 1989.

Rehearing Denied June 15, 1989.

Bradford M. Condit, Asst. County Atty., Corpus Christi, for appellant.

Jon Muschenheim, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

The opinion of this Court issued on May 18, 1989, is withdrawn and the following opinion is substituted in its place.

The State of Texas brought a forfeiture action in Nueces County against Elfego Benavides, appellee, seeking forfeiture upon appellee's Rolex watch pursuant to The Controlled Substances Act. The State alleged in its petition that appellee's watch was seized from the appellee on or about March 3, 1988, by an agent for the Nueces County Sheriff. The petition further alleged that appellee's watch was "derived and used, or intended to be used for the distribution, delivery or was derived from the sale or distribution of a controlled substance" in violation of Tex.Rev.Civ.Stat. Ann. art. 4467–15, § 5.03(a)(6) (Vernon Supp.1989) (The Controlled Substances Act).

Appellee answered by way of a general denial and, shortly thereafter, filed a plea to the jurisdiction alleging that the trial court did not have subject matter jurisdiction. Specifically, appellee alleged that the Nueces District Court did not have jurisdiction to hear the case because section 5.05(b) of the Controlled Substances Act provides that the forfeiture proceedings must be filed in the county in which the seizure was made, and that the seizure in the instant case took place in Brooks County. Hence, appellee argued that Brooks County had exclusive jurisdiction over the cause of action.

Section 5.03(a) of the Controlled Substances Act provides that the following are subject to forfeiture by the State:

(1) all controlled substances that are or have been manufactured, distributed, dispensed, delivered, acquired, obtained, or possessed in violation of this Act;

(2) all raw material, products, and equipment of any kind that are used, or intended to use, in manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance in violation of this Act;

(3) all property that is used, or intended for use, as a container for property as described in paragraph (1) or (2) of this subsection;

\* \* \* \* \* \*

(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any [controlled substance]....

(6) *all money, ... personal property or other things of value used or intended for use in violation of Section 4.052 of this Act or derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act ...* (emphasis ours).

Section 5.05(b) of the Controlled Substances Act provides that:

*The seizing officer shall immediately cause to be filed in the name of the State of Texas with the clerk of the district court in the county in which the seizure is made,* or if the property is a conveyance, in any county in which the conveyance was used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, or concealment of any property described in Paragraph (1), (2), or (3) of Sec. 5.03(a), *a notice of the seizure and intended forfeiture* (emphasis ours).

In the instant case, the record reveals that on May 19, 1988, a hearing was held on appellee's plea to the jurisdiction. The

court noted on its docket sheet that both the attorneys for the State and the appellee were notified of the hearing, but that no one appeared on behalf of the State.

Also contained in the record is an affidavit from Heather Garcia, the official court reporter of the 148th District Court. In her affidavit, Garcia attested that no one appeared on behalf of the State at the hearing on appellee's plea. Garcia further stated in her affidavit that no testimony was taken and no exhibits were introduced at the hearing.

The trial court granted appellee's plea to the jurisdiction and dismissed the cause. The State then filed a written motion for new trial. In its motion for new trial the State did not allege that it did not have notice of the hearing, nor did it offer any explanation for its failure to appear. The State simply alleged that the trial court erred in dismissing the cause because appellee did not introduce sufficient evidence to prove that the seizure occurred in Brooks County. The court overruled the State's motion for new trial.

On appeal, the State contends by its only point of error that the trial court erred in dismissing appellant's suit when it had subject matter jurisdiction over the cause of action. Specifically, the State argues that the rules of civil procedure do not provide for pleas to the jurisdiction; therefore, it asks this Court to construe appellee's plea as a motion for summary judgment or a special exception. Additionally, the State complains of the fact that appellee did not attach an affidavit to its plea and asserts that the State's petition established subject matter jurisdiction.

▮ At the outset, we note that we are faced with the question of whether a plea to the jurisdiction was the proper procedure to attack the place of suit under section 5.05(b). The State's argument that there is no procedure called a plea to the jurisdiction is wholly without merit. Tex. R.Civ.P. 85 expressly provides that a defendant in a cause of action may assert a plea to the jurisdiction. Likewise, it is well es-

tablished that a plea to the jurisdiction is a dilatory plea which is properly employed to challenge the court's subject matter jurisdiction over a cause of action. *Schulz v. Schulz,* 726 S.W.2d 256, 257 (Tex.App.—Austin 1987, no writ).

▮ Texas courts hold that if a cause of action is a statutory cause of action, as opposed to a constitutional or common law cause of action, and the statute provides that suit must be prosecuted in the courts of a single county, such provisions are jurisdictional. *See, e.g., Gambill v. Town of Ponder,* 494 S.W.2d 808, 810 (Tex.1973); *State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 182–83 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Poynor v. Bowie Independent School District,* 627 S.W.2d 517, 519 (Tex.App.—Ft. Worth 1982, writ dism'd w.o.j.); *Rhodes v. City of Austin,* 584 S.W.2d 917, 921 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). If the statutory designation of the place of suit is jurisdictional, the proper method by which to challenge the place of suit is a plea to the jurisdiction. *Texas Employer's Insurance Association v. Ellis,* 543 S.W.2d 397, 398 (Tex.Civ.App.—El Paso 1976, no writ). Thus, if it is discovered that the suit is filed in a court which is not designated by the statute, that court must dismiss the case since it is completely without power to hear the case or even transfer the case to a proper court. *Gambill,* 494 S.W.2d at 810.

As discussed above, the State in the instant case brought suit against appellee pursuant to section 5.03(a)(6) of the Controlled Substances Act.

▮ The right for the State to bring a forfeiture cause exists by statute, and not by virtue of the constitution or common law. The statute in the instant case provides that if the property subject to forfeiture is not a conveyance, then the suit shall be filed in the county in which the property was seized. It is apparent from the record that the property seized in the instant case, a Rolex watch, is clearly not a conveyance.[1] Since the property seized is not a convey-

---

1. Section 5.03(a) provides that conveyances include aircraft, vehicles, vessels, trailers, and railroad cars, that are used or intended to be used to transport controlled substances.

ance and the statute mandates that suit must be filed in the district courts of a single county, it confers exclusive jurisdiction to the courts of that county. Thus, appellee correctly raised the jurisdictional issue by a plea to the jurisdiction, and we will not construe appellee's plea as a motion for summary judgment or a special exception.

 We next consider the State's complaint that there was no affidavit attached to the plea. As pointed out above, the State failed to appear at the hearing on the plea, and there is no written objection to the plea contained in the record. Thus, appellant complains of this defect for the first time on appeal. Tex.R.Civ.P. 90 states that "every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge ... shall be deemed to gave been waived." Accordingly, the State waived its right to complain of any defect on appeal.

■ Next the State contends that since the appellee did not introduce any affidavits, testimony, or exhibits at the hearing on his plea, the State's petition established that the trial court had subject matter jurisdiction over its cause of action. We disagree.

We have reviewed the State's petition which was before the Court at the time of the hearing. As discussed above, the State's petition simply alleges that appellee's watch was seized by agents of the Nueces County Sheriff. The petition does not allege that the property was seized in Nueces County. In fact, it makes no mention of where the seizure actually occurred. Thus, the State's petition did not establish that the Nueces County district court had jurisdiction.

The only pleading before the Court which stated where the seizure occurred was appellee's plea to the jurisdiction which alleged that the seizure took place in Brooks County. We, therefore, reject the State's contention that the trial court should have concluded that it had subject matter juris-

diction based on the State's original petition.

Accordingly, we overrule the State's only point of error, and affirm the trial court's order dismissing the State's suit.