Iram MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–308–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 16, 1995.

Jaime E. Carrillo, Kingsville, for appellant.

Suzie Johnson, Carlos Valdez, Dist. Atty., Corpus Christi, Tracy L. Spoor, Asst. Dist. Atty., Kingsville, for appellee.

Before DORSEY, PRESLAR[1] and BILL J. STEPHENS[2], JJ.

## OPINION

BILL J. STEPHENS, Justice (Assigned).

This appeal results from the forfeiture of vehicle-to-wit: a 1991 Lincoln Mark–VII owned by appellant, Iram Martinez. In one point of error, Appellant contends that the trial court lacked jurisdiction to forfeit the vehicle. We agree, and, accordingly, we reverse and render the judgment of the trial court.

On April 2, 1992, appellant's automobile was seized pursuant to a warrantless search and arrest of its operator and sole occupant, Nydia Cedillo, at the U.S. Border Patrol Checkpoint situated in Sarita, Kenedy County, Texas. Over one hundred pounds of marijuana were discovered in the automobile. Pursuant to a local agreement, the Drug Enforcement Agency and the U.S. Border Patrol referred the case to the South Texas Specialized Crimes and Narcotics Task Force. Task Force agents took custody of Nydia Cedillo, the contraband, and the vehicle, removed them to Kleberg County, Texas where the contraband and the vehicle were stored, and later prosecuted Cedillo for aggravated possession of marijuana.

Later, on April 10, 1992, within the thirty day requirement of Tex.Code Crim.Proc.Ann. art. 59.04(a) (Vernon Supp.1994), an Original Notice of Seizure and Intended Forfeiture was filed in the 105th District Court in Kleberg County. Subsequently, appellant filed a plea to the jurisdiction which was denied on February 19, 1993. On May 14, 1993, a non-jury trial was held, and the Court entered judgment for the State, with the finding that the Court had jurisdiction and venue of the cause and all parties.

The decision in this case is governed by Tex.Code Crim.Proc.Ann. art. 59.04, the pertinent parts which read:

Art. 59.04. Notification of forfeiture proceeding

(a) If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.

(b) A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

district court in the county in which the seizure is made. The attorney representing the state must attach to the notice the peace officer's sworn statement under Article 59.03 of this code. The attorney representing the state shall cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases:

\* \* \* \* \* \*

(*l*) Proceedings commenced under this chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with and that the attorney representing the state will introduce into evidence at the hearing any answer received from an inquiry required by Subsections (c)–(h) of this article.

The language of Art. 59.04 is very precise. If forfeiture of property is sought, the State shall commence proceedings within 30 days of the date of the seizure, and proceedings commence when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made.

This procedure, which we construe to be mandatory, was not followed. Furthermore, section (*l*) provides that proceedings commenced under this chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with.

We hold that jurisdiction of forfeiture is governed by statute, and notice must be filed as prescribed by the statute in the County where the property was seized.

The State asks this court to reverse and transfer the proceedings to Kenedy County. We decline to follow this procedure. To do so would be to ignore the provision that suit must be brought within 30 days of the confiscation of the property.

This cause is reversed and rendered.