NO. 07-01-00360-CR



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 5, 2001


______________________________



ANDY POSEY,



 Appellant

v.


THE STATE OF TEXAS, 



 Appellee

 


FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;


NO. 44,010-E; HON. ABE LOPEZ, PRESIDING

______________________________


ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL

 


Before QUINN, REAVIS, and JOHNSON, JJ.

 Andy Posey, appellant, has moved to withdraw his notice of appeal and dismiss the
appeal pursuant to Rule 42.2 of the Texas Rules of Appellate Procedure. Without passing on
the merits of the case, we grant the motion pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's personal
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn 

 Justice

Do not publish.



P> The State's seizure and subsequent forfeiture of Puckett's property arose from the
discovery of marijuana interspersed with a corn crop on his property. There was evidence that
the marijuana was carefully cultivated, harvested, and processed in a barn on the property. 
Parmer County deputy sheriffs discovered the marijuana on October 18, 2001. They
physically seized substantial personal property on that day, including some of the marijuana
and, with the help of Puckett, burned or plowed under the remainder.

 The State filed a "Notice of Seizure and Intended Forfeiture" on November 14, 2001,
as required by article 59.04 of the Code of Criminal Procedure (Vernon Pamph. 2003). 
Puckett filed his response on December 6, 2001. In addition to a general denial, Puckett
moved for dismissal based on the State's failure to file a lis pendens on the real property within
three days of initiating the forfeiture proceeding as required by article 59.04(g). The trial court
denied the motion to dismiss and rendered the judgment of forfeiture set out above. 

 Puckett's challenge is limited to the forfeiture of his real property, he does not seek
reversal of the remainder of the judgment. His argument in support is concise; use of the word
"shall" in subsection g makes the requirement that the State file a lis pendens within three days
of initiating a proceeding mandatory, subsection l prohibits a forfeiture proceeding from
continuing to a hearing unless the judge "is satisfied that this article has been complied with."
Tex. Code Crim. Proc. Ann. art. 59.04(l) (Vernon Pamph. 2003). In support of his position that
this defect is fatal to the State's ability to forfeit the real property, Puckett relies on Martinez
v. State, 893 S.W.2d 304 (Tex.App.-Corpus Christi 1995, no writ), State v. Lot 10, Pine Haven
Estates, 900 S.W.2d 400 (Tex.App.-Texarkana 1995, no writ), and this court's opinion in 1991
Chevrolet Blazer v. State, 905 S.W.2d 443 (Tex.App.-Amarillo 1995, no writ). 

 In Martinez, the State seized a vehicle in Kenedy County, but forfeiture proceedings
under Chapter 59 of the Code of Criminal Procedure were filed Kleberg County. 893 S.W.2d
at 304. The owner filed a plea to the jurisdiction based on article 59.04(b) requiring the State
to file the notice of seizure and intended forfeiture in the county where the property was
seized. The trial court denied the plea to the jurisdiction. Id. The court of appeals held
sections b and l of article 59.04 to be mandatory and jurisdictional, rendering the judgment of
forfeiture void. Id. at 305. The court also declined the State's request to dismiss and permit
refiling the proceeding to Kenedy County because to do so "would be to ignore the provision
that suit must be brought within 30 days." Id. 

 In the Pine Haven Estates case, the State sought to forfeit real property described as
Lot 8 of the Pine Haven Estates development. 900 S.W.2d at 401. Deputies "seized" the
property by placing a barrier of yellow tape around it. The State's notice of seizure and
intended forfeiture listed Lot 10 of the development as the subject of the forfeiture. Id. The
owners filed for summary judgment based on the State's failure to properly describe the
property in its notice and failing to file a lis pendens. Id. Although the State subsequently
amended its petition to properly describe the property, the trial court granted the motion and
dismissed the case. On the State's appeal, the Texarkana Court of Appeals recognized the
longstanding rule that the law abhors forfeiture and laws providing for forfeiture are construed
strictly. Id. at 402. Applying that rule to article 59.04(b), the court found the State did not
strictly comply with the filing requirement of that statute and summary judgment was proper. 
Id. Finding that issue dispositive, the court did not address the State's failure to file a lis
pendens. In a concurring opinion, Chief Justice Cornelius addressed that issue, stating his
affirmance of the trial court's judgment was based on the State's failure to file the lis pendens
required by article 59.04. He did not believe the State's misdesignation was fatal and the
amendment cured the defect. Id. at 403.

 In our opinion in 1991 Chevrolet Blazer, the State seized a vehicle from its owner, timely
filed the notice required under Chapter 59 of the Code of Criminal Procedure, but intentionally
withheld service of citation for approximately four months. Id. at 443-44. Relying on article
59.05(b) that forfeiture proceedings shall proceed "in the same manner as in other civil cases,"
we applied the established rule that a party must both file suit within the applicable limitations
period and exercise reasonable diligence in obtaining service of citation. We held the State's
unexplained delay in seeking service was fatal to its forfeiture action. Id. at 446.

 The State argues that a lis pendens creates no substantive right and that its purpose
is to put third parties on notice of a claim affecting real property. It contends the failure to file
one here did not prejudice the rights of Puckett. At most, it put the State's claims at risk and
Puckett may not assert the potential harm to the State's claim. We disagree. The requirement
that we strictly construe forfeiture statues does not require us to look behind the statute to
consider its public policy basis. However, a lis pendens protects more than the party with a
claim against real property, it also protects innocent purchasers and those who take a security
interest in the property by giving them notice of the claim. 

 The State next argues the Pine Haven Estates case is inapplicable because it did not
hold the failure to file a lis pendens supported the summary judgment. We find the case
controlling because of its holdings that forfeiture statutes are strictly construed, and the failure
to comply with their procedural provisions defeats a State's claim for forfeiture. 900 S.W.2d
at 402. The concurring opinion of Chief Justice Cornelius simply provides additional support
for application of the case's holding in the specific context of a failure to file a lis pendens. 

 Finally, the State argues the violation of a statutory right is subject to harmless error
analysis. As recognized in Martinez, the failure to strictly comply with article 59.04 deprives
the trial court of jurisdiction. 893 S.W.2d at 305. Lack of jurisdiction is not subject to harmless
error analysis. 

 We sustain Puckett's sole issue. We reverse that portion of the trial court's judgment
ordering forfeiture of real property in Parmer County and remand it to the trial court for further
proceedings. We sever the remainder of the judgment and affirm it.


 John T. Boyd

 Senior Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).