**1976 HARLEY DAVIDSON MOTOR-CYCLE, VIN # 2C16410H6, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–02–00255–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 15, 2003.

Richard R. Burroughs, Cleveland, for appellant.

Michael A. Mark, Assistant District Attorney, Michael R. Little, Dist. Atty., Liberty, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and WITTIG.[1]

## OPINION

Opinion by Justice DON WITTIG (Retired).

This is a seizure and forfeiture action of a 1976 Harley Davidson Motorcycle. The appellant motorcycle challenges the jurisdiction of the court and raises a second issue of factual sufficiency. Because the trial court failed to comply with article 59.04(*l*) of the Texas Code of Criminal Procedure, and jurisdiction is not otherwise established in the pleadings or the evidence, we reverse and remand. *See* Tex.Code Crim. Proc. Ann art. 59.04(*l*) (Vernon 1999).

### I

Appellant's owner, Ralph Paul Keeling, received a phone call at his home in San Jacinto County, inviting him to ride his Harley to a meeting in a Liberty County bar, the Buffalo Too. An undercover agent, Dennis Ivy, wanted to purchase an "8-ball," slang for an eighth of an ounce of methamphetamine. As requested, Keeling rode his Harley from San Jacinto County to the Liberty County bar. The undercover agent, Ivy, was a field supervisor for the Chambers County Narcotics Task Force. Quite coincidently, Ivy also rode a Harley. Although the details are disputed, illegal drugs were sold by Keeling. He later entered a plea of guilty to delivery of

a controlled substance, namely methamphetamine, in the amount of one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001). The exchange of drugs for money, according to Ivy, occurred in the restroom of the Buffalo Too. Ivy did not know if the Harley seized later was used to transport the drugs. The drug incident occurred in May, 1999. The seizure occurred and forfeiture notice was sent in August, 1999, to Keeling's San Jacinto address. Suit was filed in Liberty County District Court in September 1999.

### II

In his first issue, appellant asserts the trial court erred in hearing the forfeiture proceeding of the Harley in Liberty County because the bike was seized in San Jacinto County, Texas. Appellant asserts it is uncontroverted that the Harley was seized in San Jacinto County. The State counters: "In the instant case, the record is completely devoid of evidence that the actual seizure and subsequent filing of Original Notice of Seizure and Intended Forfeiture occurred in different counties." We disagree with both. It is uncontroverted that the Harley's owner Keeling resided at 171 Richards Road, Shepherd, San Jacinto County, Texas. Likewise, the Harley was registered to Keeling at that address. Keeling rode the Harley from San Jacinto County to Liberty County in connection with the Buffalo Too drug incident. Keeling returned to San Jacinto County after the incident. Keeling received notice and was served in San Jacinto County. The judgment of forfeiture awards title to the Harley to the Chamber's County Narcotics Task Force. How-

1. Retired Justice Don Wittig assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

ever, neither the judgment[2] nor the findings of fact and conclusions of law tell us where the Harley was seized. The State's pleadings and proof likewise do not demonstrate jurisdictional facts. The trial court did find the drug transaction occurred at the Buffalo Too in Liberty County. However, the bike was not seized until months later.

Appellant first argues that the seizure statute, article 59.04 of the Texas Code of Criminal Procedure, is very precise. TEX. CODE CRIM. PROC. ANN. art. 59.04 (Vernon 1999). Appellant also argues from *Martinez v. State*, 893 S.W.2d 304, 305 (Tex. App.-Corpus Christi 1995, no writ). *Martinez* specifically holds, and the statute requires, the proceedings be held in the county in which the seizure is made. *Id.* We also note, both from *Martinez* and the unequivocal language of the statute, that section (*l*) provides that proceedings under the chapter "may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with...." *Id.* (quoting TEX. CODE CRIM. PROC. ANN art. 59.04(*l*)).[3]

Appellant further argues that the proceeding is *in rem*, and the court must have jurisdiction over the property, citing *Bochas v. State*, 951 S.W.2d 64 (Tex.App.-Corpus Christi 1997, writ denied). While we accept this as a truism, *Bochas* is not on point in that it discusses a pleading issue involving the place of intended seizure *vis a vis* the place of actual seizure. *Id.* at 70.

The State counters that *Martinez* is distinguishable because in that case there was evidence the actual seizure and subsequent filing of notice of seizure and intended forfeiture occurred in different counties, and Martinez filed a plea to the jurisdiction. *See Martinez*, 893 S.W.2d at 304. It is true, as the State argues, that ordinarily a plea to the jurisdiction is the proper method to challenge the place of suit. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). *Benavides* goes on to note: "The petition does not allege that the property was seized in Nueces County. In fact, it makes no mention of where the seizure actually occurred. Thus, the State's petition did not establish that the Nueces County district court had jurisdiction." *Id.* at 274. *Benavides* however, primarily deals with the State's waiver of an improperly filed plea to the jurisdiction. *Id.* The sum of the State's argument is that appellant waived its complaint on jurisdiction and cannot now raise it on appeal. We disagree.

### III

■ Our highest court in 2000, reiterated that subject matter jurisdiction challenges cannot be waived and may by raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex.2000) (citing with approval *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993)). However, earlier that year, the same court also held

---

2. Under Texas Rule of Civil Procedure 55, a judgment need not state the "matter showing jurisdiction to render it." TEX.R. CIV. P. 55.

3. Article 59.04(*l*) of the Texas Code of Criminal Procedure goes on to require the state to introduce evidence of any answer received from an inquiry required by sections (c) through (h). *See id.* A careful reading shows these inquiries are from third parties regarding registration, record title holder, out of

state registration, financing statements, security instruments in aircraft, *lis pendens*, and perfected security interests. Because the conjunctive "and" is used, this section has two distinct requirements. The first is for the trial judge to be satisfied the article has been complied with. The second requirement is that the State's attorney satisfy the enumerated inquiries under sections (c) through (h).

that all claims are presumed to fall within the jurisdiction of the district court *unless the Legislature or Congress has provided that they must be heard elsewhere.*[4] *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000)(emphasis ours). In the past, this presumption did not apply to actions grounded in statute rather than the common law. *Id.* (citing *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926)). The *Dubai* court overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional. The trial court in this case had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed in [the civil practice and remedies code]." *Dubai Petroleum Co.,* 12 S.W.3d at 77. *Dubai* is inapplicable for several reasons. First, state courts do not have constitutional jurisdiction to allow the sovereign to seize and forfeit private property except by statute and due course of law. The due course of law guarantee of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. The right for the State to bring a forfeiture cause exists by statute, and not by virtue of the constitution or common law. *Benavides,* 772 S.W.2d at 273. In *Dubai,* the trial court had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed in the civil practice and remedies code. *Dubai Petroleum Co.,* 12 S.W.3d at 77. The supreme court considered the "subject matter jurisdiction" argument in the context of whether the

plaintiffs established their right under the statute to go forward with that suit. *Id.* (quoting 21 C.J.S. Courts § 16, at 23 (1990)) ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it."). However, because our constitution denies the courts the ability to allow the State to confiscate private property without due course and due compensation, there exists no such right of action as found by the court in *Dubai.* Therefore, the district court has no jurisdiction to allow the State to seize and forfeit, except by statute. And there being no showing by the State it complied with the jurisdictional requirements of the statute, this forfeiture action must fail.

■ We also note the Texas Constitution limits a trial court's jurisdiction where exclusive, appellate, or original jurisdiction may be conferred by the Texas Constitution or other law on some other court, tribunal, or administrative body. TEX. CONST. art. V, § 8; *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 220 (Tex.2002) (discussing interplay of jurisdiction between state agencies and state district courts). *Subaru* discourses the difference between primary jurisdiction and exclusive jurisdiction. *Id. Subaru* also holds that when courts determine whether an agency has exclusive jurisdiction, such inquiries require statutory construction and raise jurisdictional issues. *Id.* Thus the inquiries are questions of law and are to be reviewed *de novo. Id.* at 222. As we read article 59.04 of the Texas Code of Criminal Procedure, notice of sei-

---

4.  In forfeiture proceedings, the legislature has provided such cases be heard elsewhere, as we discuss below.

zure and intended forfeiture must be filed in the district court in the county in which the seizure is made. Because, the right of the State to forfeiture does not otherwise exist, under the Texas Constitution, only a district court in the county of notice and seizure has jurisdiction. TEX. CONST. art. V, § 8; *see also Dubai Petroleum Co.,* 12 S.W.3d at 77.

 Today we deal narrowly with the sovereign's ability to seize and forfeit property of its citizens. Rules of strict construction against forfeiture should be utilized when the forfeiture is to the sovereign and is created by statute. *State v. Rivera,* 804 S.W.2d 141, 142 (Tex.App.-Corpus Christi 1990, writ denied); *see State v. Young's Market Co.,* 369 S.W.2d 659, 662 (Tex.Civ.App.-Eastland 1963, writ ref'd n.r.e.). In the case *sub judice,* the State neither pled nor proved jurisdictional facts. Ordinarily, the plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *Tex. Ass'n of Business,* 852 S.W.2d at 446. In their brief, the State, implicitly if not explicitly, admits there is no evidence of seizure in Liberty County. The facts outlined above show the registration and home location of the Harley to be San Jacinto County. Accordingly, circumstantially some evidence shows the bike was seized in San Jacinto County; no evidence indicates a Liberty County seizure.[5] And clearly, the State did not prove by a preponderance of the evidence that the property was subject to forfeiture, because it failed to prove the property was seized in Liberty County. TEX.CODE CRIM. PROC. ANN art. 59.04(b).

5. The State, at oral argument, refused to stipulate or admit to the place of seizure.

6. We are aware that, under certain circumstances, abatement would be the proper appellate protocol. However, because of the

It is also apparent that the trial court failed to perform its requisite statutory duty. The judge who is to conduct the forfeiture hearing must satisfy himself that the forfeiture article has been complied with. *Martinez* 893 S.W.2d at 305; TEX.CODE CRIM. PROC. ANN art. 59.04(*l*) The record reveals no pleadings of jurisdictional facts, no evidence of jurisdiction, and no consideration by the court as to whether or not the Harley was properly seized in the county of the proceedings.

Accordingly, for the several reasons stated, we sustain appellant's first issue and reverse and remand this case for further proceedings consistent with this opinion.[6] Upon remand, if the trial court is not satisfied that the forfeiture article has been complied with and that the seizure of the Harley occurred in Liberty County, the cause will be dismissed. *Id.* The judgment is reversed and remanded.

probability that the Harley was seized outside Liberty County, judicial economy would dictate remand for the trial court's determination of jurisdiction in accordance with the requisites of art. 59.04(*l*).