NUMBER 13-02-00255-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

1976 HARLEY DAVIDSON MOTORCYCLE, VIN #2C16410H6 Appellant,



v.



THE STATE OF TEXAS, Appellee.

 

On appeal from the 75th District Court of Liberty County, Texas.


 

O P I N I O N


Before Justices Rodriguez, Castillo, and Wittig (1)

Opinion by Justice Wittig


 This is a seizure and forfeiture action of a 1976 Harley Davidson Motorcycle. The appellant motorcycle challenges the
jurisdiction of the court and raises a second issue of factual sufficiency. Because the trial court failed to comply with article
59.04(l) of the Texas Code of Criminal Procedure, and jurisdiction is not otherwise established in the pleadings or the
evidence, we reverse and remand. See Tex. Code Crim. Proc. Ann art. 59.04(l) (Vernon 1999).

 I

 Appellant's owner, Ralph Paul Keeling, received a phone call at his home in San Jacinto County, inviting him to ride his
Harley to a meeting in a Liberty County bar, the Buffalo Too. An undercover agent, Dennis Ivy, wanted to purchase an
"8-ball," slang for an eighth of an ounce of methamphetamine. As requested, Keeling rode his Harley from San Jacinto
County to the Liberty County bar. The undercover agent, Ivy, was a field supervisor for the Chambers County Narcotics
Task Force. Quite coincidently, Ivy also rode a Harley. Although the details are disputed, illegal drugs were sold by
Keeling. He later entered a plea of guilty to delivery of a controlled substance, namely methamphetamine, in the amount of
one gram or more but less than four grams. See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001). The
exchange of drugs for money, according to Ivy, occurred in the restroom of the Buffalo Too. Ivy did not know if the Harley
seized later was used to transport the drugs. The drug incident occurred in May, 1999. The seizure occurred and forfeiture 
notice was sent in August, 1999, to Keeling's San Jacinto address. Suit was filed in Liberty County District Court in
September 1999.

 II

 In his first issue, appellant asserts the trial court erred in hearing the forfeiture proceeding of the Harley in Liberty County
because the bike was seized in San Jacinto County, Texas. Appellant asserts it is uncontroverted that the Harley was seized
in San Jacinto County. The State counters: "In the instant case, the record is completely devoid of evidence that the actual
seizure and subsequent filing of Original Notice of Seizure and Intended Forfeiture occurred in different counties." We
disagree with both. It is uncontroverted that the Harley's owner Keeling resided at 171 Richards Road, Shepherd, San
Jacinto County, Texas. Likewise, the Harley was registered to Keeling at that address. Keeling rode the Harley from San
Jacinto County to Liberty County in connection with the Buffalo Too drug incident. Keeling returned to San Jacinto
County after the incident. Keeling received notice and was served in San Jacinto County. The judgment of forfeiture
awards title to the Harley to the Chamber's County Narcotics Task Force. However, neither the judgment (2) nor the
findings of fact and conclusions of law tell us where the Harley was seized. The State's pleadings and proof likewise do not
demonstrate jurisdictional facts. The trial court did find the drug transaction occurred at the Buffalo Too in Liberty County.
However, the bike was not seized until months later.

 Appellant first argues that the seizure statute, article 59.04 of the Texas Code of Criminal Procedure, is very precise. Tex.
Code Crim. Proc. Ann. art. 59.04 (Vernon 1999). Appellant also argues from Martinez v. State, 893 S.W.2d 304, 305 (Tex.
App.-Corpus Christi1995, no writ). Martinez specifically holds, and the statute requires, the proceedings be held in the
county in which the seizure is made. Id. We also note, both from Martinez and the unequivocal language of the statute,
that section (l) provides that proceedings under the chapter "may not proceed to hearing unless the judge who is to conduct
the hearing is satisfied that this article has been complied with. . . ." Id. (quoting Tex. Code Crim. Proc. Ann art. 59.04(l)).
(3)

 Appellant further argues that the proceeding is in rem, and the court must have jurisdiction over the property, citing
Bochas v. State, 951 S.W.2d 64 (Tex. App.-Corpus Christi1997, writ denied). While we accept this as a truism, Bochas is
not on point in that it discusses a pleading issue involving the place of intended seizure vis a vis the place of actual seizure. 
Id. at 70.

 The State counters that Martinez is distinguishable because in that case there was evidence the actual seizure and
subsequent filing of notice of seizure and intended forfeiture occurred in different counties, and Martinez filed a plea to the
jurisdiction. See Martinez, 893 S.W.2d at 304. It is true, as the State argues, that ordinarily a plea to the jurisdiction is the
proper method to challenge the place of suit. State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.-Corpus Christi 1989,
writ denied). Benavides goes on to note: "The petition does not allege that the property was seized in Nueces County. In
fact, it makes no mention of where the seizure actually occurred. Thus, the State's petition did not establish that the Nueces
County district court had jurisdiction." Id. at 274. Benavides however, primarily deals with the State's waiver of an
improperly filed plea to the jurisdiction. Id. The sum of the State's argument is that appellant waived its complaint on
jurisdiction and cannot now raise it on appeal. We disagree.

 III

 Our highest court in 2000, reiterated that subject matter jurisdiction challenges cannot be waived and may by raised for the
first time on appeal. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850 (Tex. 2000) (citing with approval Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993)). However, earlier that year, the same court also held that
all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided
that they must be heard elsewhere. (4) Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000)(emphasis ours). In the
past, this presumption did not apply to actions grounded in statute rather than the common law. Id. (citing Mingus v.
Wadley, 115 Tex. 551, 285 S.W. 1084 (1926)). The Dubai court overruled Mingus "to the extent that it characterized the
plaintiff's failure to establish a statutory prerequisite as jurisdictional. The trial court in this case had jurisdiction because a
claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed
in [the civil practice and remedies code]." Dubai Petroleum Co., 12 S.W.3d at 77. Dubai is inapplicable for several
reasons. First, state courts do not have constitutional jurisdiction to allow the sovereign to seize and forfeit private
property except by statute and due course of law. The due course of law guarantee of the Texas Constitution provides: "No
citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised,
except by the due course of the law of the land." Tex. Const. art. I, § 19. The right for the State to bring a forfeiture cause
exists by statute, and not by virtue of the constitution or common law. Benavides, 772 S.W.2d at 273. In Dubai, the trial
court had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the
plaintiffs satisfied all the grounds listed in the civil practice and remedies code. Dubai Petroleum Co., 12 S.W.3d at 77. 
The supreme court considered the "subject matter jurisdiction" argument in the context of whether the plaintiffs established
their right under the statute to go forward with that suit. Id. (quoting 21 C.J.S. Courts § 16, at 23 (1990) ("The right of a
plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to
the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it."). However, because our constitution
denies the courts the ability to allow the State to confiscate private property without due course and due compensation,
there exists no such right of action as found by the court in Dubai. Therefore, the district court has no jurisdiction to allow
the State to seize and forfeit, except by statute. And there being no showing by the State it complied with the jurisdictional
requirements of the statute, this forfeiture action must fail. 

 We also note the Texas Constitution limits a trial court's jurisdiction where exclusive, appellate, or original jurisdiction
may be conferred by the Texas Constitution or other law on some other court, tribunal, or administrative body. Tex.
Const. art. V, § 8; see also Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002) (discussing
interplay of jurisdiction between state agencies and state district courts). Subaru discourses the difference between primary
jurisdiction and exclusive jurisdiction. Id. Subaru also holds that when courts determine whether an agency has exclusive
jurisdiction, such inquiries require statutory construction and raise jurisdictional issues. Id.Thus the inquiries are questions
of law and are to be reviewed de novo. Id. at 222. As we read article 59.04 of the Texas Code of Criminal Procedure,
notice of seizure and intended forfeiture must be filed in the district court in the county in which the seizure is made.
Because, the right of the State to forfeiture does not otherwise exist, under the Texas Constitution, only a district court in
the county of notice and seizure has jurisdiction. Tex. Const. art. V, § 8; see also Dubai Petroleum Co., 12 S.W.3d at 77. 

 Today we deal narrowly with the sovereign's ability to seize and forfeit property of its citizens. Rules of strict construction
against forfeiture should be utilized when the forfeiture is to the sovereign and is created by statute. State v. Rivera, 804
S.W.2d 141, 142 (Tex. App.-Corpus Christi 1990, writ denied); see State v. Young's Market Co., 369 S.W.2d 659, 662
(Tex. Civ. App.-Eastland 1963, writ ref'd n.r.e.). In the case sub judice, the State neither pled nor proved jurisdictional
facts. Ordinarily, the plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter
jurisdiction. Tex. Ass'n of Business, 852 S.W.2d at 446. In their brief, the State, implicitly if not explicitly, admits there is
no evidence of seizure in Liberty County. The facts outlined above show the registration and home location of the Harley
to be San Jacinto County. Accordingly, circumstantially some evidence shows the bike was seized in San Jacinto County;
no evidence indicates a Liberty County seizure. (5) And clearly, the State did not prove by a preponderance of the evidence
that the property was subject to forfeiture, because it failed to prove the property was seized in Liberty County. Tex. Code
Crim. Proc. Ann art. 59.04(b).

 It is also apparent that the trial court failed to perform its requisite statutory duty. The judge who is to conduct the
forfeiture hearing must satisfy himself that the forfeiture article has been complied with. Martinez 893 S.W.2d at 305; Tex.
Code Crim. Proc. Ann art. 59.04(l) The record reveals no pleadings of jurisdictional facts, no evidence of jurisdiction,
and no consideration by the court as to whether or not the Harley was properly seized in the county of the proceedings.

 Accordingly, for the several reasons stated, we sustain appellant's first issue and reverse and remand this case for further
proceedings consistent with this opinion. (6) Upon remand, if the trial court is not satisfied that the forfeiture article has
been complied with and that the seizure of the Harley occurred in Liberty County, the cause will be dismissed. Id. The
judgment is reversed and remanded.



Don Wittig

Retired Justice



Opinion delivered and filed this the

15th day of May, 2003.

1. Retired Justice Don Wittig assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.
GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. Under Texas Rule of Civil Procedure 55, a judgment need not state the "matter showing jurisdiction to render it." 
Tex. R. Civ. P. 55.

3. Article 59.04(l) of the Texas Code of Criminal Procedure goes on to require the state to introduce evidence of any
answer received from an inquiry required by sections (c) through (h). See id. A careful reading shows these inquiries are
from third parties regarding registration, record title holder, out of state registration, financing statements, security
instruments in aircraft, lis pendens, and perfected security interests. Because the conjunctive "and" is used, this section has
two distinct requirements. The first is for the trial judge to be satisfied the article has been complied with. The second
requirement is that the State's attorney satisfy the enumerated inquiries under sections (c) through (h).

4. In forfeiture proceedings, the legislature has provided such cases be heard elsewhere, as we discuss below.

5. The State, at oral argument, refused to stipulate or admit to the place of seizure.

6. We are aware that, under certain circumstances, abatement would be the proper appellate protocol. However, because
of the probability that the Harley was seized outside Liberty County, judicial economy would dictate remand for the trial
court's determination of jurisdiction in accordance with the requisites of art. 59.04(l).