

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00379-CV

The **STATE** of Texas

v.

**ONE MILLION SEVEN HUNDRED ELEVEN THOUSAND SIXTY-ONE DOLLARS AND SEVENTY-NINE CENTS ($1,711,061.79) IN U.S. CURRENCY**, Elgin Watch, Rope Necklace, ID Bracelet, Two (2) Costume Jewelry Rings, and Five (5) Silver Bars

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 10,242
Honorable Susan D. Reed, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

AFFIRMED

The State of Texas appeals the trial court's order granting a plea to the jurisdiction and dismissing its forfeiture action. We affirm.

## BACKGROUND

On January 29, 2018, the State of Texas filed an original notice of seizure and intended forfeiture ("forfeiture petition"). The forfeiture petition, which was filed-stamped by the Bexar County District Clerk and assigned a cause number, stated that the proceeding was "brought under and by virtue of [c]hapter 59 of the Texas Code of Criminal Procedure" and that the property in

question—one million seven hundred eleven thousand sixty-one dollars and seventy-nine cents ($1,711,061.79), an Elgin watch, a rope necklace, an identification bracelet, two costume jewelry rings, and five silver bars—was seized in Zapata County, Texas, on January 5, 2018.

More than two months later, on March 14, 2018, the State filed a motion to transfer venue with the Bexar County District Clerk asking the trial court to transfer the forfeiture proceeding to Zapata County. On March 22, 2018, the trial court granted the motion to transfer venue and ordered the proceeding transferred to Zapata County, Texas.

On April 9, 2018, the owners of the seized property ("the respondents")[1] filed a plea to the jurisdiction, asserting the trial court lacked subject-matter jurisdiction because the State had not filed its forfeiture petition in Zapata County as required by article 59.04(b) of the code of criminal procedure. The plea to the jurisdiction further asserted that the State had failed to comply with article 59.04(a) of the code of criminal procedure, which requires that a forfeiture action be commenced not later than the thirtieth day after the property is seized. The State filed a response opposing the plea to the jurisdiction. In its response, the State argued (1) the plea to the jurisdiction was defective because it was premised on the affirmative defense of limitations which cannot be raised in a plea to the jurisdiction; (2) the plea to the jurisdiction was "factually erroneous" because the forfeiture petition was in effect filed in Zapata County within the "thirty-day window" by applying rule 74 of the rules of civil procedure; and (3) the State was not barred from pursuing other forfeiture methods by the election of remedies doctrine.

The trial court held an evidentiary hearing on the plea to the jurisdiction.[2] At the hearing, the State argued it had, in effect, filed its forfeiture petition in Zapata County because it had filed

---

[1]The respondents are Hilda Diana Guerra Villarreal, Rebecca Villarreal Lopez, Raul Rene Villarreal, the Estate of Rodolfo Villarreal, Rodolfo Ricardo Villarreal, Daniel Jesus Villarreal, and Carlos Mauricio Villarreal.
[2]The Honorable Susan D. Reed conducted the hearing on the plea to the jurisdiction and signed the order granting the plea to the jurisdiction.

it with the trial judge pursuant to rule 74 of the rules of civil procedure. The only witness to testify at the hearing was the State's attorney, David L. Reuthinger, Jr. After the hearing, the trial court granted the plea to the jurisdiction, dismissed the forfeiture action, and ordered the seized property returned to the respondents. The State appealed.

### CHAPTER 59 FORFEITURE

Chapter 59 of the code of criminal procedure governs civil forfeiture actions, which are in rem proceedings against contraband. *State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692 (Tex. 2004). Because a forfeiture action is an in rem proceeding, a trial court's jurisdiction depends on its control over the property. *State v. Thirty Thousand Six Hundred Sixty Dollars and no/100*, 136 S.W.3d 392, 405 (Tex. App.—Corpus Christi 2004, pet. denied). Article 59.04(a) of the code of criminal procedure provides that a forfeiture action must be commenced not later than the thirtieth day after the date of the seizure. TEX. CODE CRIM. PROC. ANN. art. 59.04(a). Article 59.04(b) provides: "A forfeiture proceeding commences under this chapter when" the State "files a notice of the seizure and intended forfeiture" "with the clerk of the district court in the county where the seizure occurred." *Id*. art. 59.04(b). A forfeiture action may not proceed to hearing unless the trial judge who is to conduct the hearing is satisfied that the parties have complied with the requirements set forth in article 59.04. *Id*. art. 59.04(l). Parties to a chapter 59 forfeiture action must comply with the pleading rules utilized in other civil suits, and a forfeiture action proceeds to trial in the same manner as other civil cases. *Id*. art. 59.05(a), (b).

In its first issue, the State argues the trial court erred in granting the plea to the jurisdiction because "the sole ground raised in [] the plea to the jurisdiction was limitations, to wit, the 30-day filing window in [a]rticle 59.04." We disagree. The respondents based their plea to the jurisdiction not only on the State's failure to file the forfeiture petition within thirty days of seizure, but also its failure to file the petition in the county where the property was seized. In the plea, the

respondents argued that the State failed to comply with both subsections 59.04(a) and (b) in filing the forfeiture petition. The primary case the respondents cited in their plea was *Martinez v. State*, 893 S.W.2d 304 (Tex. App.—Corpus Christi 1995, no writ). In *Martinez*, law enforcement officers seized property in Kenedy County, Texas, but the State filed its forfeiture petition in Kleberg County, Texas. *Id*. at 304. The court of appeals held that the trial court lacked jurisdiction to forfeit the seized property, stating that "jurisdiction of forfeiture is governed by statute, and notice must be filed as prescribed by the statute in the [c]ounty where the property was seized." *Id*. at 305. Contrary to the representations in the State's brief, the plea to the jurisdiction in this case was based, at least in part, on the State's failure to file its forfeiture petition with the clerk of the district court in the county where the seizure was made. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04(b).

Next, the State argues that the trial court erred in granting the plea to the jurisdiction because the sole authority cited in the plea to the jurisdiction, *Martinez*, conflicts with precedent from the Texas Supreme Court, specifically, *Silver Chevrolet Pickup*, 140 S.W.3d 691. In *Martinez*, the court of appeals held that the failure to file the forfeiture action in the county in which the property was seized deprived the trial court of jurisdiction. *See* 893 S.W.2d at 305. In *Silver Chevrolet Pickup*, the Texas Supreme Court held that the State's failure to timely file a lis pendens notice as required by article 59.04(g) of the code of criminal procedure did not deprive the trial court of jurisdiction. 140 S.W.3d at 692. In reaching this conclusion, the supreme court examined the purpose of the statute, which was to protect the party with a claim against the real property such as the State, innocent purchasers, and those with a security interest in the property. *Id*. at 694. The supreme court acknowledged that the provision requiring the filing of a lis pendens within three days of commencing a forfeiture proceeding is "merely an internal timing directive that does not act to deprive a court of jurisdiction." *Id*. Thus, the supreme court limited its holding

to article 59.04(g) of the code of criminal procedure. *Id*. Furthermore, in *Silver Chevrolet Pickup*, the supreme court did not overrule or disapprove of *Martinez*. *Id*. at 692-95.

The State argues that the trial court erred in granting the plea to the jurisdiction because "limitations is an affirmative defense which cannot be raised in a plea to the jurisdiction." To support this argument, the State cites *Martinez v. Val Verde Cnty. Hosp. Dist.*, a case involving the pre-suit notice provisions of the Texas Tort Claims Act (TTCA), which are found in section 101.101 of the civil practice and remedies code. 110 S.W.3d 480, 484 (Tex. App.—San Antonio 2003), *aff'd*, 140 S.W.3d 370 (Tex. 2004). In *Val Verde Cnty.*, we were asked to determine whether the TTCA's pre-suit notice requirement was jurisdictional or simply a statutory prerequisite. *Id*. at 483. We concluded that compliance with section 101.101's notice requirement was not necessary to invoke the trial court's jurisdiction, and therefore, the failure to comply with section 101.101's notice requirement was comparable to the affirmative defense of limitations. *Id*. at 484-85. We further concluded that because section 101.101's notice requirement was comparable to an affirmative defense, it had to be raised in a summary judgment motion and could not be raised in a plea to the jurisdiction. *Id*. at 485.

The present case is distinguishable from *Val Verde Cnty.*, where we were of the opinion that section 101.101's notice requirement was not jurisdictional.[3] Here, by contrast, we are of the opinion that article 59.04(b)'s requirement that a forfeiture action be filed in the district court in the county of seizure is jurisdictional. *See 1976 Harley Davidson Motorcycle v. State*, 106 S.W.3d 398, 401-02 (Tex. App.—Corpus Christi 2003, no pet.) (recognizing that article 59.04(b)'s

---

[3]In *Martinez v. Val Verde Cnty. Hosp. Dist.*, we recognized that Texas courts of appeals were divided on the issue of whether section 101.101's notice requirement was jurisdictional. 110 S.W.3d 480, 484 n.2 (Tex. App.—San Antonio 2003), *aff'd*, 140 S.W.3d 370 (Tex. 2004). The issue has since been resolved. Section 101.101's notice requirement is jurisdictional. *See* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010).

requirement that a forfeiture action be filed in the district court in the county in which the seizure was made is jurisdictional under the Texas constitution); *Martinez*, 893 S.W.2d at 305 (holding the trial court lacked jurisdiction over a forfeiture action when it was not filed with the clerk of the district court in the county in which the property was seized). We conclude the trial court's order granting the plea to the jurisdiction did not conflict with precedent as asserted by the State.

Finally, the State argues that the text of article 59.04(b) shows that its requirement that a forfeiture action be filed in the county of seizure is not jurisdictional. Again, we disagree. Article 59.04(b) states, in pertinent part:

> A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made….

TEX. CRIM. PROC. CODE ANN. § 59.04(b).

The Thirteenth Court of Appeals has analyzed this provision and concluded that it is jurisdictional. "As we read article 59.04 of the Texas Code of Criminal Procedure, [the] notice of seizure and intended forfeiture must be filed in the district court in the county in which the seizure is made." *1976 Harley Davidson Motorcycle*, 106 S.W.3d at 401-02. "Because[] the right of the State to forfeiture does not otherwise exist, under the Texas Constitution, only a district court in the county of notice and seizure has jurisdiction." *Id.* at 402 (citing TEX. CONST. art. V, § 8; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). We conclude that filing a chapter 59 forfeiture action with the district court clerk in the county where the property was seized is a jurisdictional requirement. *See 1976 Harley Davidson Motorcycle*, 106 S.W.3d at 401-02 (recognizing that article 59.04(b)'s filing requirement is jurisdictional under the Texas constitution); *Martinez*, 893 S.W.2d at 305 (holding the trial court lacked jurisdiction over a

forfeiture action when it was not filed in the county where the property was seized). We overrule the State's first issue.

## "RECEIVING EVIDENCE OUTSIDE THE PLEADINGS"

In its second issue, the State argues "the trial court erred by receiving evidence outside the pleadings in order to rule on a plea to the jurisdiction in a [c]hapter 59 case, when the [respondents] challenged only the pleadings themselves, and not any pleaded jurisdictional facts." However, the State has not preserved this complaint for our review because the appellate record does not show that it was presented to the trial court and that the trial court ruled on or refused to rule on the complaint.[4] *See* TEX. R. APP. P. 33.1(a) (stating that to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion calling the trial court's attention to the complaint).

The record shows the State failed to object to any of the exhibits attached to the plea to the jurisdiction. Additionally, the record shows the State attached exhibits to its response to the plea to the jurisdiction. Furthermore, at the plea to the jurisdiction hearing, the State's attorney did not object to the presentation of witness testimony and stated that he had "no objection" to three of the four documents offered by the respondents and admitted by the trial court. Although the State's attorney objected to a fourth document, he did not object on the same ground that the State presents on appeal. "In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court." *Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.).

---

[4]In its reply brief, the State argues that it was not required to present these complaints to the trial court to preserve them for appellate review. We reject this argument. The only case the State cites to support this argument, *Duncan v. Texas Dep't of Pub. Safety*, stands for the proposition that a lack of subject-matter jurisdiction is a nonwaivable defect which can be raised on appeal regardless of whether the complaint was preserved in the trial court. 6 S.W.3d 756, 758 (Tex. App.—Tyler 1999, no pet.). Here, the State's complaint is about the evidence "received" by the trial court in considering the plea to the jurisdiction.

In sum, the record shows the State failed to object to virtually all of the evidence submitted in support of the plea to the jurisdiction. The one objection made by the State does not comport with its complaint on appeal. Because the record before us does not show that the complaint presented in this issue was preserved for appellate review, we overrule the State's second issue. *See* TEX. R. APP. P. 33.1(a).

### APPLICATION OF RULE 74

In its third issue, the State argues the trial court erred in granting the plea to the jurisdiction because its forfeiture petition was properly filed with a trial judge under rule 74 of the rules of civil procedure. The State argues that the trial judge who issued the search warrants that resulted in the property's seizure, Judge Sid Harle, accepted the forfeiture petition for filing with the Zapata County District Clerk. To support this argument, the State relies on the exception provided in rule 74, which provides:

> The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, *except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.*

TEX. R. CIV. P. 74 (emphasis added).

"[A] court deciding a jurisdictional issue is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). A trial court is required to consider the relevant evidence submitted by the parties and then resolve the jurisdictional issue on the basis of the facts it found or those that were undisputed. *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 394 (Tex. App.—San Antonio 2017, no pet.). When the jurisdictional issue does not substantially implicate the merits of the case, and the jurisdictional facts are disputed, the trial

court makes the findings necessary to resolve the jurisdictional issue. *Id*. On review, we presume the trial court found the facts in a manner that supports its order. *Id*.

The State argues the record establishes that Judge Harle accepted the forfeiture petition for filing with the Zapata County District Clerk. The clerk's record contains the forfeiture petition filed in this case showing that it was file-stamped by the Bexar County District Clerk on January 29, 2018 and assigned a Bexar County District Court cause number. The clerk's record also contains copies of search warrants issued by Judge Sid Harle in the criminal investigation; an order generally assigning Judge Harle to the district courts of multiple counties, including Zapata County; and an order eventually transferring the forfeiture proceeding to Zapata County.

The reporter's record from the plea to the jurisdiction hearing includes testimony from the State's attorney, David L. Reuthinger, Jr., who initially testified that he had filed the forfeiture petition by way of "e-file" "[w]ith the Bexar County District Clerk attention to Judge Harle." However, Reuthinger later corrected this testimony and stated that he printed the forfeiture petition at the district attorney's office, instructed an investigator to drive a paper copy of the forfeiture petition to Judge Harle's chambers in Bexar County, and to tender the forfeiture petition to Judge Harle's coordinator. However, Reuthinger acknowledged that he did not have personal knowledge of how the forfeiture petition was filed. Reuthinger admitted that Judge Harle had never sent him anything in writing stating that the forfeiture petition should be filed with him or that it should be filed in Bexar County. Reuthinger also admitted that Judge Harle did not note the time and date of filing on the forfeiture petition. Finally, Reuthinger testified that after the forfeiture petition was filed, Judge Harle advised him that he needed to file a motion to transfer the forfeiture action to Zapata County, Texas. Reuthinger complied with this request and filed a motion to transfer venue from Bexar County to Zapata County.

Article 59.04(b) expressly provides that a forfeiture action commences when a forfeiture petition is filed with the clerk of the district court in the county in which the seizure is made. TEX. CODE CRIM. PROC. ANN. art. 59.04(b). Assuming, without deciding, that rule 74 can be applied to satisfy this requirement, we conclude the trial court could have properly found that rule 74 did not apply in this case.

In conducting our review, we must presume the trial court found the facts in a manner that supports its order. *See Cervantes*, 521 S.W.3d at 394. Here, Reuthinger testified that he had instructed an investigator in his office to file the forfeiture petition with Judge Harle's court coordinator, but Reuthinger also acknowledged that he did not have personal knowledge of how the investigator filed the forfeiture petition. Under rule 74, a trial judge may permit the parties to file pleadings with him. TEX. R. CIV. P. 74. Additionally, under rule 74, the trial judge must note the filing date and time on the pleadings and immediately transmit the pleadings to the appropriate clerk's office. *Id*. But nothing in the record shows that Judge Harle accepted the forfeiture petition for filing with the Zapata County District Clerk as contemplated by rule 74. The record does not show that Judge Harle gave the State permission to file the forfeiture petition with him, nor does it show that he noted the date and time of filing on the forfeiture petition and immediately transmitted it to the Zapata County District Clerk.

Additionally, more than two and a half months after the property was seized in Zapata County, Judge Harle signed an order transferring the forfeiture proceeding from Bexar County to Zapata County. This order stated: "[I]t is ORDERED that this proceeding be transferred to Zapata County, and that the District Clerk for the 49th Judicial District, Zapata County, receive the case file and docket this proceeding accordingly." The transfer order shows that Judge Harle transferred the forfeiture proceeding to Zapata County; it does not show that he accepted the forfeiture petition on behalf of the Zapata County District Clerk in accordance with rule 74. We conclude the record

supports the trial court's finding that Judge Harle did not accept the forfeiture petition for filing under rule 74.[5]

Based on the record before us, we conclude the trial court properly found that the forfeiture action was not filed with the Zapata County District Clerk, but instead was filed with the Bexar County District Clerk. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04(b). We overrule the State's third issue.

## RETURN OF SEIZED PROPERTY

In its fourth issue, the State argues "the trial court erred by making an order on the merits returning seized property, when the order dismissed the case for lack of jurisdiction, notwithstanding Article 18.183, Code of Criminal Procedure[,] and Section 16.064, Civil Practice & Remedies Code, and further required the return of property before the order became final." However, the record does not show that these complaints were presented to the trial court and that the trial court ruled on these complaints or refused to rule. *See* TEX. R. APP. P. 33.1(a). Therefore, we conclude that these complaints were not preserved for appellate review. *See id*. We overrule the State's fourth issue.

## CONCLUSION

The judgment of the trial court is affirmed.

Karen Angelini, Justice

---

[5]After the plea to the jurisdiction hearing, the State submitted an affidavit from its investigator, Ezequiel Mancha Jr. In his affidavit, Mancha stated:

> On January 29, 2018, I was assigned to deliver, and did personally deliver, the original copy of the Plaintiff's Original Notice of Seizure and Intended Forfeiture and Request for Disclosure to Bexar County, Texas for filing with the Honorable Sid Harle, Presiding Judge, 4th Administrative Judicial Region.

The respondents moved to strike Mancha's affidavit, but the record does not show that the trial court ruled on the motion. Mancha's affidavit does not alter our conclusion. Mancha's affidavit does not contain any details about how the forfeiture petition was actually filed. It merely says that Mancha personally delivered the forfeiture petition to Bexar County for filing with Judge Harle.