NO. 07-02-0319-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 4, 2003

_____

SILVER CHEVROLET PICKUP VIN
1GCEC14T7YE257128 TAG NO. 3TM16,
AND OTHER ASSETS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 8691; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

OPINION

Ronnie Puckett, owner of property ordered forfeited by a judgment of the 287th District

Court of Parmer County, brings this appeal challenging that judgment to the extent it divests

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

him of certain real property in Parmer County. His sole point of error arises from the State's failure to file a lis pendens on the property within the time provided in the Code of Criminal Procedure. We reverse and remand in part, and affirm in part.

The State's seizure and subsequent forfeiture of Puckett's property arose from the discovery of marijuana interspersed with a corn crop on his property. There was evidence that the marijuana was carefully cultivated, harvested, and processed in a barn on the property. Parmer County deputy sheriffs discovered the marijuana on October 18, 2001. They physically seized substantial personal property on that day, including some of the marijuana and, with the help of Puckett, burned or plowed under the remainder.

The State filed a "Notice of Seizure and Intended Forfeiture" on November 14, 2001, as required by article 59.04 of the Code of Criminal Procedure (Vernon Pamph. 2003). Puckett filed his response on December 6, 2001. In addition to a general denial, Puckett moved for dismissal based on the State's failure to file a lis pendens on the real property within three days of initiating the forfeiture proceeding as required by article 59.04(g). The trial court denied the motion to dismiss and rendered the judgment of forfeiture set out above.

Puckett's challenge is limited to the forfeiture of his real property, he does not seek reversal of the remainder of the judgment. His argument in support is concise; use of the word "shall" in subsection g makes the requirement that the State file a lis pendens within three days of initiating a proceeding mandatory, subsection l prohibits a forfeiture proceeding from continuing to a hearing unless the judge "is satisfied that this article has been complied with." Tex. Code Crim. Proc. Ann. art. 59.04(l) (Vernon Pamph. 2003). In support of his position that

2

this defect is fatal to the State's ability to forfeit the real property, Puckett relies on *Martinez v. State*, 893 S.W.2d 304 (Tex.App.–Corpus Christi 1995, no writ), *State v. Lot 10, Pine Haven Estates*, 900 S.W.2d 400 (Tex.App.–Texarkana 1995, no writ), and this court's opinion in *1991 Chevrolet Blazer v. State*, 905 S.W.2d 443 (Tex.App.–Amarillo 1995, no writ).

In *Martinez*, the State seized a vehicle in Kenedy County, but forfeiture proceedings under Chapter 59 of the Code of Criminal Procedure were filed Kleberg County. 893 S.W.2d at 304. The owner filed a plea to the jurisdiction based on article 59.04(b) requiring the State to file the notice of seizure and intended forfeiture in the county where the property was seized. The trial court denied the plea to the jurisdiction. *Id.* The court of appeals held sections b and l of article 59.04 to be mandatory and jurisdictional, rendering the judgment of forfeiture void. *Id.* at 305. The court also declined the State's request to dismiss and permit refiling the proceeding to Kenedy County because to do so "would be to ignore the provision that suit must be brought within 30 days." *Id.*

In the *Pine Haven Estates* case, the State sought to forfeit real property described as Lot 8 of the Pine Haven Estates development. 900 S.W.2d at 401. Deputies "seized" the property by placing a barrier of yellow tape around it. The State's notice of seizure and intended forfeiture listed Lot 10 of the development as the subject of the forfeiture. *Id.* The owners filed for summary judgment based on the State's failure to properly describe the property in its notice and failing to file a lis pendens. *Id.* Although the State subsequently amended its petition to properly describe the property, the trial court granted the motion and dismissed the case. On the State's appeal, the Texarkana Court of Appeals recognized the

3

longstanding rule that the law abhors forfeiture and laws providing for forfeiture are construed strictly. *Id.* at 402. Applying that rule to article 59.04(b), the court found the State did not strictly comply with the filing requirement of that statute and summary judgment was proper. *Id.* Finding that issue dispositive, the court did not address the State's failure to file a lis pendens. In a concurring opinion, Chief Justice Cornelius addressed that issue, stating his affirmance of the trial court's judgment was based on the State's failure to file the lis pendens required by article 59.04. He did not believe the State's misdesignation was fatal and the amendment cured the defect. *Id.* at 403.

In our opinion in *1991 Chevrolet Blazer*, the State seized a vehicle from its owner, timely filed the notice required under Chapter 59 of the Code of Criminal Procedure, but intentionally withheld service of citation for approximately four months. *Id.* at 443-44. Relying on article 59.05(b) that forfeiture proceedings shall proceed "in the same manner as in other civil cases," we applied the established rule that a party must both file suit within the applicable limitations period and exercise reasonable diligence in obtaining service of citation. We held the State's unexplained delay in seeking service was fatal to its forfeiture action. *Id.* at 446.

The State argues that a lis pendens creates no substantive right and that its purpose is to put third parties on notice of a claim affecting real property. It contends the failure to file one here did not prejudice the rights of Puckett. At most, it put the State's claims at risk and Puckett may not assert the potential harm to the State's claim. We disagree. The requirement that we strictly construe forfeiture statues does not require us to look behind the statute to consider its public policy basis. However, a lis pendens protects more than the party with a

4

claim against real property, it also protects innocent purchasers and those who take a security interest in the property by giving them notice of the claim.

The State next argues the *Pine Haven Estates* case is inapplicable because it did not hold the failure to file a lis pendens supported the summary judgment. We find the case controlling because of its holdings that forfeiture statutes are strictly construed, and the failure to comply with their procedural provisions defeats a State's claim for forfeiture. 900 S.W.2d at 402. The concurring opinion of Chief Justice Cornelius simply provides additional support for application of the case's holding in the specific context of a failure to file a lis pendens.

Finally, the State argues the violation of a statutory right is subject to harmless error analysis. As recognized in *Martinez*, the failure to strictly comply with article 59.04 deprives the trial court of jurisdiction. 893 S.W.2d at 305. Lack of jurisdiction is not subject to harmless error analysis.

We sustain Puckett's sole issue. We reverse that portion of the trial court's judgment ordering forfeiture of real property in Parmer County and remand it to the trial court for further proceedings. We sever the remainder of the judgment and affirm it.


John T. Boyd
Senior Justice

5