The **STATE** of Texas, Petitioner,

v.

**SILVER CHEVROLET PICKUP VIN 1GCEC14T7YE257128 TAG NO. 3TMX16, and Other Assets,** Respondent.

No. 03–0426.

Supreme Court of Texas.

July 2, 2004.

Johnny Atkinson, Roy Carper, Farwell, for Petitioner.

Floyd D. Holder, Floyd Holder Law Firm, Lubbock, for Respondent.

PER CURIAM.

The Texas Code of Criminal Procedure provides that when the State seeks forfeiture of property used in a criminal enterprise, it "shall file a lis pendens notice" no later than three days after civil forfeiture proceedings are commenced. TEX.CODE CRIM. PROC. art. 59.04(g). In this case, we must decide whether the State's failure to timely file a lis pendens notice deprives the court of jurisdiction. We hold that it does not. Accordingly, we reverse the court of appeals' judgment.

On October 18, 2001, Parmer County law enforcement officers discovered marijuana growing interspersed with a corn crop on Ronnie Puckett's property. The officers also found evidence in a barn on the property that the marijuana was being

cultivated, harvested, and processed. On November 14, 2001, the State commenced a forfeiture action against Puckett's real and personal property under chapter 59 of the Texas Code of Criminal Procedure, which provides the statutory framework for civil forfeiture of contraband.

On December 6, 2001, Puckett moved for dismissal based on the State's failure to file a lis pendens notice on the real property within three days of initiating the forfeiture proceeding as required by statute.[1] See TEX.CODE CRIM. PROC. art. 59.04(g). On December 10, 2001, the State filed the lis pendens notice. The forfeiture hearing took place on June 13, 2002.

The trial court denied Puckett's motion to dismiss and ordered forfeiture of the real property and several items of personal property. On appeal, Puckett challenged the forfeiture of the real property, contending that the court did not have jurisdiction to proceed because the State failed to timely file the lis pendens notice. The court of appeals held that the State's failure to timely file the lis pendens notice deprived the trial court of jurisdiction and accordingly reversed and remanded the portion of the trial court's judgment ordering forfeiture of the real property.[2] 99 S.W.3d 874, 877.

Chapter 59 of the Code of Criminal Procedure prescribes the procedures governing civil forfeiture. A civil forfeiture action is an *in rem* proceeding against contraband. See *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex.2003). "Contraband" is defined as property of any nature that is used or intended to be used in the commission of certain enumerated felonies. See TEX.CODE CRIM. PROC. art.

---

1. Lis pendens is notice to the world of pending litigation that may affect the real property. See TEX. PROP.CODE §§ 12.007, 13.004; *Shearon v. Henderson*, 38 Tex. 245 (1873).

2. As Puckett did not contest the forfeiture of his personal property, the court of appeals affirmed the remainder of the judgment.

59.01(2). Puckett does not challenge that his real property constituted contraband under the statute.

To effect forfeiture, the State must commence a forfeiture proceeding within thirty days after seizure of the contraband. *Id.* art. 59.04(a). The State commences a forfeiture proceeding by filing a notice of the seizure and intended forfeiture with the district court in the county where seizure occurred. *Id.* art. 59.04(b). If the contraband is real property, the statute imposes an additional requirement that "the state, not later than the third day after the date proceedings are commenced, shall file a lis pendens notice...." *Id.* art. 59.04(g). Article 59.04(*l*) provides that the court must be satisfied that these provisions have been complied with before the action may proceed to hearing.

The court of appeals determined that the State's failure to comply with article 59.04(g) deprived the trial court of jurisdiction. 99 S.W.3d at 877. The court premised its holding on the principle that forfeiture provisions are to be strictly construed and reasoned that this principle prevented it from considering the policy behind the provision in question. *Id.* at 876–77. Additionally, the court relied on *State v. Lot 10, Pine Haven Estates*, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ), for the proposition that failure to comply with chapter 59's procedural provisions defeats the State's claim for forfeiture. 99 S.W.3d at 877.

■ We disagree and conclude that the court of appeals' rationale is flawed for two reasons. First, the court of appeals did not properly consider the most important rule of statutory construction—that the court must give effect to legislative intent, *see Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex.2000),—elevating instead the principle that forfeiture statutes are to be strictly construed.[3] Nothing in the statutory language, though, indicates that the Legislature intended the result that the court of appeals reached. While article 59.04(*l*) does provide that forfeiture proceedings are not to proceed to hearing unless the court is satisfied that the State has complied with article 59.04(g), the statute does not provide, as it easily could, that the consequence of noncompliance is dismissal for lack of jurisdiction. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex.2001); *State v. $435,000*, 842 S.W.2d 642, 644 (Tex.1992) (per curiam); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 64–65, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The statute's language simply does not support the conclusion that forfeiture actions must be dismissed for lack of jurisdiction if the State fails to timely file a lis pendens notice. *See Helena Chem. Co.*, 47 S.W.3d at 495; *$435,000*, 842 S.W.2d at 645.

■ Second, contrary to the court of appeals' opinion, the principle that forfeitures are strictly construed does not prevent a court from considering the purpose of a statutory provision. *See Crown Life*, 22 S.W.3d at 383 (stating that the court must look to the objective sought when determining legislative intent); *see also James Daniel Good Real Prop.*, 510 U.S.

---

**3.** The court of appeals relied on *Pine Haven Estates* for the proposition that forfeiture statutes are to be strictly construed. 99 S.W.3d at 877. In *Pine Haven Estates*, the court of appeals articulated two reasons for strict construction in this context: 1) the law abhors forfeiture; and 2) the statute was penal in nature. *See* 900 S.W.2d at 402. In 1995, the Legislature eliminated this second basis for strict construction by amending chapter 59 to explicitly provide that "[i]t is the intention of the legislature that asset forfeiture is remedial in nature and not a form of punishment." *See* TEX.CODE CRIM. PROC. 59.05(e); *see also Fant v. State*, 931 S.W.2d 299, 307–08 (Tex.Crim.App.1996) (en banc).

at 65, 114 S.Ct. 492 ("It would make little sense to interpret directives [in a forfeiture statute] designed to ensure the expeditious collection of revenues in a way that renders the Government unable, in certain circumstances, to obtain its revenues at all."). A lis pendens notice protects the party with the claim against the real property [here the State], innocent purchasers, and those who take a security interest in the property. *See* 99 S.W.3d at 876; *see also* TEX. PROP.CODE § 13.004(b) ("A transfer or encumbrance of real property involved in a proceeding by a party to the proceeding to a third party who has paid valuable consideration and who does not have actual or constructive notice of the proceeding is effective ... unless a notice of the pendency of the proceeding has been recorded...."); *Elder v. Craddock*, 223 S.W. 314, 315 (Tex. Civ.App.-Austin 1920, writ dism'd w.o.j.) (stating that the only effect of lis pendens is "to refer a purchaser pendente lite to the record of the case, to affect him with notice of the issues in the suit"). Notably, the purpose behind the lis pendens provision does not suggest that the Legislature intended to confer rights upon the person whose property is the subject of the forfeiture proceeding. Accordingly, we find no indication, in the statutory language or the purpose behind the provision, that the Legislature intended that noncompliance with article 59.04(g) would result in dismissal for lack of jurisdiction.

The court of appeals additionally erred by concluding that noncompliance with any procedural provision defeats a forfeiture action. The court in *Pine Haven Estates* affirmed dismissal of a forfeiture action when the State did not commence proceedings against the seized property within thirty days of the date of seizure. 900 S.W.2d at 402. But the court acknowledged that not all procedural violations should result in dismissal. *Id.; see also $435,000*, 842 S.W.2d at 645 (holding that

trial court's failure to timely hold forfeiture hearing did not warrant dismissal of the case); *State v. Park*, 820 S.W.2d 948, 951 (Tex.App.-Texarkana 1991, no writ) (holding that the State's failure to attach the police officer's statement to the notice of seizure, as required by statute, was curable by amendment).

The United States Supreme Court confronted a similar issue in *James Daniel Good Real Property* and drew a distinction between the time limits imposed by a statute of limitations and internal timing directives. 510 U.S. at 65, 114 S.Ct. 492. We find this distinction persuasive and note that earlier Texas court of appeals' decisions follow this distinction. Unlike the thirty-day requirement in *Pine Haven Estates*, which constituted a statute of limitations, article 59.04(g) is merely an internal timing directive that does not act to deprive a court of jurisdiction.

■ Puckett additionally contends that the trial court did not acquire jurisdiction over this *in rem* proceeding because the State failed to properly seize his real property. Specifically, Puckett argues that valid seizure of real property does not occur until the filing of the lis pendens notice. However, compliance with article 59.01(8) brings real property within the trial court's reach. That section provides that "'[s]eizure' means the restraint of property by a peace officer under Article 59.03(a) [seizure with a search warrant] or (b) [seizure without a search warrant] of this code, whether the officer restrains the property by physical force or by a display of the officer's authority." TEX.CODE CRIM. PROC. art. 59.01(8). The Parmer County sheriff testified that the majority of the real property was searched with Puckett's consent and, with his help, the marijuana growing in the corn field was destroyed. *See Bochas v. State*, 951 S.W.2d 64, 70 (Tex.App.-Corpus Christi

1997, writ denied). The sheriff clearly displayed his authority over the real property by seizing and destroying the crop growing on it. Additionally, we note that article 59.04(b) provides that a forfeiture action is commenced by filing a *notice of seizure* and intended forfeiture, indicating that, contrary to Puckett's contention, the seizure of the property occurs prior to the requirement to file a lis pendens notice.

For the foregoing reasons, and without hearing oral argument, *see* TEX.R.APP. P. 59.1, we reverse the court of appeals' judgment and render judgment for the State.