In The



Court of Appeals



Ninth District of Texas at Beaumont



_________________



NO. 09-08-211 CV


_____________________



$29,850 IN U.S. CURRENCY (ROBERT EUGENE TALLEY, JR.), Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Court No. CV11744






MEMORANDUM OPINION



 This is an appeal from a forfeiture proceeding under Chapter 59 of the Texas Code
of Criminal Procedure. Following a bench trial, the trial court ordered the forfeiture of
$26,350 that was seized from the residence of Robert Talley, Jr. and Susan Talley. Robert
Talley, Jr. appeals from the judgment of forfeiture. Finding no reversible error, we affirm
the judgment.


Background


 Deputies from the San Jacinto County Sheriff's Office were called to a disturbance
at 511 Brittany Lane in Cleveland, Texas. While in route, the deputies observed a man
walking along the side of the road. The man matched the dispatcher's description of the
suspect. The deputies saw blood on his hands. While talking with the suspect, identified as
Kalem Zane Turner, the deputies learned he lived at 511 Brittany Lane. The deputies took
Turner there.

 The residence belonged to Robert Talley, Jr. and Susan Talley. Turner told the
deputies that he purchased marihuana from Robert Talley, and Turner gave a written
statement to that effect. He told the deputies there was marihuana in his room, and he orally
consented to a search of the room. Robert Talley gave written consent to search the home. 

 The deputies found no marihuana in Turner's room. Talley explained he had moved
the marihuana from Turner's room into Talley's safe. Talley, who had the combination to
the safe and a key to a lock box therein, opened the safe. Inside, close to marihuana found
in the lock box, was $29,850 in U.S. currency (276 $100 bills and 45 $50 bills). The deputy
testified the bills had an odor of marihuana. A forensic scientist testified the substance in the
lock box weighed 14.94 ounces and tested positive for marihuana. The deputies testified
they found drug paraphernalia in the house.

 Based upon the deputies' investigation and the evidence obtained from the residence,
the State filed a forfeiture suit. Asserting Robert Talley, Jr. was the possessor and owner of
the currency, the pleading requested that he be served. After a bench trial, the trial court
ordered the forfeiture of $26,350 out of the $29,850, and the return of $3,500 to Robert and
Susan Talley. Robert Talley appeals from the judgment and presents three issues -- one
raising a legal and factual sufficiency challenge and the other two challenging the State's
alleged failure to follow the requirements of Chapter 59. 

The Law


 The State's right to bring a forfeiture suit exists by statute. $24,156.00 in U.S.
Currency v. State, 247 S.W.3d 739, 743 (Tex. App.--Texarkana 2008, no pet.) (citing 1976
Harley Davidson Motorcycle v. State, 106 S.W.3d 398, 401 (Tex. App.--Corpus Christi 2003,
no pet.)). If property is found to be contraband, it is subject to seizure and forfeiture. Tex.
Code Crim. Proc. Ann. art. 59.02(a) (Vernon 2006). Contraband is property used or
intended to be used in the commission of certain felonies, or proceeds derived from those
felonies. See Tex. Code Crim. Proc. Ann. art. 59.01(2)(A)-(E) (Vernon Supp. 2008); State 
v. Silver Chevrolet Pickup, 140 S.W.3d 691, 692 (Tex. 2004). Money derived from or
intended for use in manufacturing, selling, delivering, or possessing a controlled substance
is subject to forfeiture. Tex. Code Crim. Proc. Ann. arts. 59.01, 59.02; $24,156.00 in U.S.
Currency, 247 S.W.3d at 743. The State must prove by a preponderance of the evidence that
the seized property is contraband and subject to forfeiture. Tex. Code Crim. Proc. Ann. art.
59.05(b) (Vernon 2006); Bochas v. State, 951 S.W.2d 64, 68 (Tex. App.--Corpus Christi
1997, writ denied).

Analysis
 

 In his first issue, Talley argues the trial court did not have jurisdiction over the
proceeding, because the pleading seeking forfeiture did not state the county in which the
property was seized, and the officers' testimony did not establish the county of seizure. 
Section 59.04(b) of the Code of Criminal Procedure requires that the notice be filed "in the
name of the state with the clerk of the district court in the county in which the seizure is
made." Tex. Code Crim. Proc. Ann. art. 59.04(b) (Vernon 2006). Talley asserts the 411th
District Court of San Jacinto County, Texas, "lacked jurisdiction over the $29,850 seized as
the court of location was never proved by any evidence."

 The State's "Notice of Seizure and Intended Forfeiture" states that the property "was
seized in San Jacinto County, Texas[,] on November 28, 2006." Robert Talley signed a
"consent-to-search" form indicating the residence address was 511 Brittany Lane in San
Jacinto County. The affidavit for the search warrant states, "There is in San Jacinto County,
Texas a suspected place and premises . . . located on Brittany Lane in the Trails End II
subdivision." During trial, the following exchange occurred:

 [Defense Counsel]: Okay. Susan, just to paraphrase your testimony, I believe
you and Robert have been married about nine or ten years; and you all moved
to San Jacinto County or to 511 Brittany Lane in Cleveland, Texas, about 2 ½ 
years ago. And has that been your home ever since you moved to this area? 

 [Ms. Talley]: "Yes, sir."


The State's pleadings, Robert Talley's response to admissions, Susan Talley's testimony, the
consent-to-search form, and the search warrant affidavit establish the currency was seized
in San Jacinto County. The trial court had jurisdiction over the case. We overrule issue one.

 Robert Talley also argues the evidence is insufficient to prove the money was 
obtained as a result of the commission of a felony covered under Chapter 59; specifically,
he contends the evidence is insufficient to establish the money was contraband. "A civil
forfeiture action is an in rem proceeding against contraband." Silver Chevrolet Pickup, 140
S.W.3d at 692. Article 59.01(2) defines "contraband" as property of any nature, including
real, personal, tangible, or intangible that is used or intended to be used in the commission
of certain enumerated felonies or the proceeds gained from the commission of these felonies. 
 In determining whether the evidence is legally sufficient to support the judgment, we
consider evidence favorable to the finding if a reasonable factfinder could, and disregard
evidence contrary to the finding unless a reasonable factfinder could not. Real Prop. Located
at 4125 Blanton v. State, 230 S.W.3d 476, 485 (Tex. App.--Fort Worth 2007, pet. denied)
(citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)). We sustain a legal
sufficiency challenge when the evidence offered to establish a vital fact does not exceed a
scintilla. City of Keller, 168 S.W.3d at 810. Evidence does not exceed a scintilla when it is
so weak as to do no more than create a mere surmise or suspicion that the fact exists. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). In a factual sufficiency review,
we consider whether the evidence supporting the finding is so weak, or the evidence to the
contrary is so overwhelming, that the answer should be set aside and a new trial ordered. 
Real Prop. Located at 4125 Blanton, 230 S.W.3d at 485 (citing Garza v. Alviar, 395 S.W.2d
821, 823 (Tex. 1965)). 

 Talley argues the evidence is insufficient to show the money is contraband, because
no officer had ever been called to 511 Brittany Lane before, and not one of the testifying
officers had ever seen any money or firearms "exchange hands" between Robert Talley, Jr.
and any other person. The deputies all testified they had no knowledge of and never
observed any drug sales ever occurring there before November 28, 2006; and no one had ever
described the house as a "drug haven" or "drug house." Susan Talley testified she and her
husband had never been accused prior to November 28, 2006, of selling illicit substances out
of their house. In addition, there was some evidence the money came from sources other
than proceeds from drug transactions. Talley argues the evidence does no more than raise
a mere surmise or suspicion that the money was contraband. 

 The record reveals that Kalem Turner bought marihuana from Robert Talley at the
residence. By written statement, Turner stated he paid for the marihuana by doing work for
it. Marihuana was found in canisters in a safe. Close to the marihuana in the safe was
$29,850 in currency. An odor of marihuana emanated from the box, and the money smelled
like marihuana. The house smelled of burned marihuana. Drug paraphernalia, including a
scale for drug weighing, was found in the house after a search warrant was obtained. The
marihuana was ground up, the deputy assumed, for easier sale and use. One officer
expressed his opinion based on his experience in drugs and narcotics investigations, after
finding the guns, the money and the marihuana, "everything was the proceeds of drug sales." 

 Susan Talley testified that $3,500 of the $29,850 came from the sale of a boat. She
also said the other money came from a sale of a house belonging to Robert Talley's father,
though the trial court sustained hearsay objections to that testimony.

 Considering the presence of marihuana in the house, evidence of Kalem Turner's
purchase of marihuana from Robert Talley, Jr., the presence of drug paraphernalia in the
home, the currency in the safe close to the marihuana, and Susan Talley's testimony, a
reasonable factfinder could conclude the $26,350 was contraband. We overrule issue three. 

 Robert Talley argues the State failed to follow the required procedures of Chapter 59,
because Susan Talley was not made a party and not served with citation. He argues the
request for forfeiture should have been denied. Chapter 59 requires that the "owner of the
property" and "any interest holder in the property" be served with certified copies of the
notice of the seizure and intended forfeiture within thirty days of the State's filing of the
notice with the clerk of the district court. Tex. Code Crim. Proc. Ann. art. 59.04(a),(b)
(Vernon 2006); (1) see Three Thousand Six Hundred Thirty-Nine, Dollars ($3,639.00) in U.S.
Currency v. State, 133 S.W.3d 698, 701 (Tex. App.--Corpus Christi 2003, no pet.). 

 The State did not serve Susan Talley with notice of the seizure and forfeiture. She
appeared and testified at trial. At the beginning of trial, the State asked if the defendant
Robert Talley was present. Robert Talley's counsel stated, "He [Robert Talley] is
represented by his wife [Susan Talley] and me." The State then called Susan Talley as a
witness, and she testified regarding her presence at the residence on the day of the property
seizure and the ownership of property seized from the residence. 

 In its findings of fact, the trial court found that Susan Talley "appeared at trial . . . and
made an argument that she was an innocent owner and a necessary part to the $29,850 in US
Currency." In its conclusions of law, the trial court stated that "Susan Talley made an
appearance in court and that her appearance had the same force and effect as service of
citation under TRCP Rule 120." The trial court also found that "Susan Talley subjected
herself to the jurisdiction of the court pursuant to TRCP 120 by seeking a judgment or
adjudication[.]"

 Susan Talley knew of the forfeiture action. The effect of her trial appearance and
testimony was to affirmatively request a denial of the State's forfeiture petition. She
appeared in court to contest the forfeiture petition and assert the property was not contraband. 
The trial judge, as fact finder, rejected her assertion that the money came from Robert
Talley's father. The trial court did accept her assertion that $3,500 came from the sale of a
boat; the court denied forfeiture of that amount and stated the "$3,500 will be ordered
returned to her." Essentially, it appears the trial court treated her claim to the money as tried
by consent based on her appearance and request at trial. See generally Tex. R. Civ. P. 67,
120. However, we need not decide her claim. She did not file a motion for new trial, and
she has not appealed the judgment. Under the circumstances presented, the failure to provide
the statutory notice to Susan Talley does not require reversal of the judgment determining
appellant's interest. Issue two is overruled. 


 AFFIRMED.

 

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on December 8, 2008

Opinion Delivered December 18, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Section 59.04(b) contains an exception that is not applicable here.