In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00445-CV


____________________



ELEVEN THOUSAND ONE HUNDRED EIGHTY NINE DOLLARS


(CHAD DAVIS), Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 10,908






 MEMORANDUM TO CLERK


 You are directed to make the following corrections in the Opinion dated August 27,
2009:

 On page 6, in the first full paragraph, line 1, change "March 24, 2004" to "March 24,
2008" and on line 3 change "April 23, 2004" to "April 23, 2008."

 You will give notice of the correction of the original opinion by sending a copy of the
corrected page 6, accompanied by this memorandum, to all interested parties who received
a copy of the original opinion.

 Entered this the 1st day of October, 2009.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00445-CV


____________________



ELEVEN THOUSAND ONE HUNDRED EIGHTY NINE DOLLARS


(CHAD DAVIS), Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 10,908






 MEMORANDUM OPINION


 Chad Davis, a pro se inmate, sought attorney's fees and expenses after the State non-suited its forfeiture case involving currency seized from Davis. In two appellate issues,
Davis complains that the trial court abused its discretion in denying him any recovery against
the State under the Frivolous Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§
105.001-.004 (Vernon 2005). Because Davis made his claims for recovery under the Act
after the trial court's plenary jurisdiction expired, we dismiss for want of jurisdiction.



Background
 

 Davis was convicted of capital murder for Tommy Andrade's death and received a life
sentence. See Tex. Pen. Code Ann. §§ 12.31(b), 19.03(a) (Vernon Supp. 2008); Davis v.
State, 276 S.W.3d 491, 493 (Tex. App.-Waco 2008, pet. ref'd). The evidence at the murder
trial established that Davis, his father ("Willie"), and his brother ("Trey") recruited three
men-Boris Mogilevich, Bradley Padrick, and Jesse Mancuso-to force Andrade to return
$100,000.00 that he allegedly had stolen from Davis. Id. at 494. Further, the State presented
significant evidence at trial that all of these men were involved with drug trafficking and
were known drug dealers. Id. n.1. 

 On the night of the murder in August 2003, Davis provided weapons to Padrick,
Mogilevich, and Mancuso and drove them to Andrade's home, where they "kicked in" the
door. Id. at 494. The three men demanded the stolen money, and Andrade allegedly began
shooting, hitting both Padrick and Mogilevich and killing Mancuso. Id. Mogilevich then
shot and killed Andrade. Id. 

 On January 23, 2004, investigators obtained a warrant to search Davis's home in San
Jacinto County, Texas. During the search of Davis's home, authorities seized several guns
and over $11,000.00 in cash. On February 20, 2004, the State (acting through the District
Attorney of San Jacinto County) instituted a forfeiture action against Davis by filing a Notice
of Seizure and Intended Forfeiture of Eleven Thousand One Hundred Eighty Nine Dollars. (1) 

 Subsequently, two answers were filed on Davis's behalf by two different attorneys. 
The first was filed in March 2004, and the second in August 2006. The 2004 answer
contained a general denial and also sought affirmative relief, i.e., return of the seized
property free of costs and charges, and recovery of all accrued interest on the seized property.
The 2006 answer contained a general denial but sought no affirmative relief.

 The record shows little other activity in the case until March 2008. On March 10,
2008, Davis filed a notice of termination of counsel and a notification of pro se
representation. On March 20, 2008, the State filed its motion for non-suit. On March 24,
2008, the trial court granted the State's motion for non-suit and dismissed the forfeiture
action without prejudice. On April 4, 2008, the county treasurer returned $11,087.00 to
Davis. As to the unreturned sum of $102.00, (2) Davis filed a motion on July 10, 2008, for its
return and sought to recover costs and interest, including attorney's fees of $17,500, that he
asserted he should receive as the successful party. On July 14, 2008, the trial court granted
Davis's motion requesting permission to appear by telephone and set a hearing for July 31,
2008. 

 On July 31, 2008, the trial court rendered judgment awarding Davis interest on the
$11,087.00 in the amount of $139.26 and assessing costs against the party incurring them.
The trial court's order also provided: "All other relief not expressly granted herein is
denied." On August 18, 2008, Davis filed a motion for reconsideration, requesting that the
trial court reconsider its denial of his request for attorney's fees and alleging, for the first
time, that the Frivolous Claims Act allowed him to recover attorney's fees. (3) The trial court
denied Davis's motion for reconsideration on August 20, 2008. Davis requested findings of
fact and conclusions of law, and the trial court complied with his request. Subsequently,
Davis filed his notice of appeal.

Issues


 Davis raises two appellate issues. The first contends the trial court abused its
discretion when it denied Davis's motion for attorney's fees and expenses, which Davis
sought as sanctions for the State's filing of a frivolous suit. The second issue contends the
trial court abused its discretion when it denied Davis's request that the trial court conduct a
hearing on his motion to reconsider its ruling on his request for attorney's fees.



Non-suit 


 Under the Texas Rules of Civil Procedure, a plaintiff may dismiss a case or take a
non-suit at any time prior to introducing all of his evidence other than rebuttal evidence. 
Tex. R. Civ. P. 162. "The trial court generally has no discretion to refuse to dismiss the suit,
and its order doing so is ministerial." Univ. of Tex. Med. Branch at Galveston v. Estate of
Blackmon, 195 S.W.3d 98, 100 (Tex. 2006). While a non-suit is effective when filed, the
date the trial court signs its dismissal order is "the 'starting point for determining when a trial
court's plenary power expires[.]'" Id. (quoting In re Bennett, 960 S.W.2d 35, 38 (Tex.
1997)).

 As Blackmon explained, Rule 162 provides that a plaintiff's right to non-suit neither
prejudices an adverse party's right to be heard on pending claims for affirmative relief (4) nor
excuses payment of costs taxed by the clerk. Id.; see Tex. R. Civ. P. 162. Further, dismissals
do not affect "any motion for sanctions, attorney's fees or other costs, pending at the time of
dismissal[.]" Tex. R. Civ. P. 162. In addition, the Texas Supreme Court recently has
explained that during the trial court's plenary jurisdiction, the court continues to have
authority to decide certain sanctions motions related to pre-judgment conduct even if the
motions are filed after the plaintiff non-suited his claims. Villafani v. Trejo, 251 S.W.3d 466,
469 (Tex. 2008) (citing Scott & White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596
(Tex. 1996)). Whether a particular sanction survives a nonsuit depends on the purpose of the
sanction. Id. at 470.

 In this case, the trial court dismissed the State's forfeiture action on March 24, 2008.
Davis filed no motion for new trial or motion to modify the judgment. See Tex. R. Civ. P.
329b. Thus, the court's plenary jurisdiction expired on April 23, 2008. See Tex. R. Civ. P.
329b(d). At dismissal, Davis had no pending claims for affirmative relief (his live pleading
was a general denial), and he had no pending motions for sanctions, attorney's fees, or other
costs. See Tex. R. Civ. P. 162. Further, he asserted no claims during the trial court's plenary
jurisdiction for the attorney's fees and expenses that he now seeks under the Frivolous
Claims Act. He did not make claims for attorney's fees and expenses until July 10, 2008,
when he contended he should receive them because he was the successful party in the
forfeiture case. As to his claims under the Frivolous Claims Act, he did not assert those until
August 18, 2008.

 Even if we assume that Davis had a valid claim against the State under the Frivolous
Claims Act, and we explicitly do not decide this question, Davis was required to make his
claim prior to expiration of the trial court's plenary jurisdiction. See Villafani, 251 S.W.3d
at 469. Because he failed to do so, we have no jurisdiction to consider his appeal. 

 APPEAL DISMISSED FOR WANT OF JURISDICTION.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 1, 2009

Opinion Delivered August 27, 2009

Before Gaultney, Kreger, and Horton, JJ.
1. Chapter 59 of the Texas Code of Criminal Procedure governs the forfeiture of
contraband. Tex. Code Crim. Proc. Ann. art. 59.01-59.14 (Vernon 2006 & Supp. 2008). 
Property, including currency, may be seized and is subject to forfeiture under Chapter 59 if
it is contraband. Id. art. 59.01(2) (Vernon Supp. 2008), art. 59.02(a) (Vernon 2006);
$24,156.00 In U.S. Currency v. State, 247 S.W.3d 739, 743 (Tex. App.- Texarkana 2008, no
pet.). "Contraband" is "property of any nature that is used or intended to be used in the
commission of certain enumerated felonies." State v. Silver Chevrolet Pickup, 140 S.W.3d
691, 692-93 (Tex. 2004) (citing Tex. Code Crim. Proc. Ann. art. 59.01(2)). 
2. The unreturned $102.00 consisted of a "$100 Blue Note" and a "$2 bill," both of
which had been retained as evidence in Brazos County where Andrade's murder occurred.
3. The Frivolous Claims Act ("Act") allows a party to a suit by or against a state agency
"in which the agency asserts a cause of action against the party, either originally or as a
counterclaim or cross claim," to recover fees, expenses, and reasonable attorney's fees
"incurred by the party in defending the agency's action if: (1) the court finds that the action
is frivolous, unreasonable, or without foundation; and (2) the action is dismissed or judgment
is awarded to the party." Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (Vernon 2005). 
The statute, however, requires that appellate courts review the agency's cause of action, not
the agency's conduct. See Brainard v. State, 12 S.W.3d 6, 30 (Tex. 1999), disapproved of
on other grounds by Martin v. Amerman, 133 S.W.3d 262, 267-68 (Tex. 2004); Black v.
Dallas County Child Welfare Unit, 835 S.W.2d 626, 629-30 (Tex. 1992). 
4. Claims for affirmative relief, however,"must allege a cause of action, independent
of the plaintiff's claim, on which the claimant could recover compensation or relief, even if
the plaintiff abandons or is unable to establish his cause of action." Univ. of Tex. Med.
Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex. 2006).