

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00212-CV

**ONE (1) 2002 CADILLAC DEVILLE, VIN 1G6KD54Y42U228530**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-04965
Honorable Richard Price, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 19, 2012

REVERSED AND REMANDED

Appellant Manuel Cardenas brings this appeal from the trial court's order granting summary judgment for the State in a forfeiture proceeding. On appeal, Cardenas contends the trial court erred in granting summary judgment because: (1) he was denied the opportunity to be present at the summary judgment hearing; and (2) there was insufficient evidence to demonstrate the property forfeited, a 2002 Cadillac Deville, was contraband used or derived from narcotics trafficking and subject to forfeiture. We hold the State's evidence did not establish, as a matter

of law, a reasonable belief that a substantial nexus exists between the vehicle forfeited and narcotics trafficking. We reverse and remand.

## BACKGROUND

The State brought a forfeiture action against Sammy Barraza, Melissa Barraza, and Cardenas[1] for U.S. currency in the amount of $365.96, a 2002 Cadillac Deville, and other property seized by Deputy Sheriff Bryan Smith pursuant to a narcotics search warrant executed on the Barraza residence.

In his affidavit, Deputy Smith stated he executed a narcotics search warrant on the residence of Sammy and Melissa Barraza, where he found, among other things: a clear plastic bag containing marijuana, packaging material, a digital scale, and firearms. Deputy Smith asserted his belief that Sammy and Melissa Barraza are drug dealers who receive money and other items of value in exchange for narcotics. Deputy Smith stated he also seized U.S. currency, jewelry, consumer electronics, and a 2002 Cadillac Deville, which was owned by Cardenas,[2] because he believed these items were proceeds of narcotics trafficking.

The State filed its original notice of intended forfeiture and filed discovery requests, including requests for admissions directed to Sammy and Melissa Barraza, but not to Cardenas. The State then filed a motion for summary judgment as to the 2002 Cadillac Deville, which was owned by Cardenas. In support of its motion, the State relied on Deputy Smith's affidavit and on the Barrazas's deemed admissions. After a hearing on the motion, the trial court granted summary judgment, ordering Cardenas to forfeit any interest in the seized vehicle. Cardenas perfected this appeal.

---

[1] The record is unclear about the relationship, if any, between the Barrazas and Cardenas. However, the record shows Cardenas is the owner of the vehicle seized during the narcotics search.

[2] Cardenas was not present at the residence at the time of the search. There is no indication in the record that he was ever charged with any crime connected to the search.

## ANALYSIS

Cardenas challenges the trial court's order granting summary judgment and forfeiting his interest in the 2002 Cadillac Deville. Cardenas argues the trial court erred in granting summary judgment because: (1) he was denied the opportunity to be present at the summary judgment hearing;[3] and (2) there was insufficient evidence to demonstrate the vehicle was contraband subject to forfeiture.

### Standard of Review

### Summary Judgment

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 742 (Tex. App.—Texarkana 2008, no pet.). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as true. *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

---

[3] Cardenas contends he was not present at the summary judgment hearing. While the record is unclear on this point, given our holding with regard to Cardenas's second point of error, we need not consider his first point of error relating to his attendance at the summary judgment hearing.

When a plaintiff moves for summary judgment on its own cause of action, it must establish each element of its claim as a matter of law in order to prove it is entitled to summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once a movant establishes its right to summary judgment, the burden shifts, and the nonmovant must produce some evidence raising a genuine issue of material fact. *Cole*, 157 S.W.3d at 860; *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.).

### *Applicable Law*

#### *Forfeiture*

Chapter 59 of the Texas Code of Criminal Procedure prescribes the procedures governing civil forfeiture, which is an in rem proceeding against contraband. *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 Tag No. 3TMX16*, 140 S.W.3d 691, 692–93 (Tex. 2004); *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex. 2003). Under Chapter 59 of the Texas Code of Criminal Procedure, property, including currency, is subject to seizure and forfeiture if it is found to be contraband. TEX. CODE CRIM. PROC. ANN. art. 59.02(a) (West Supp. 2012). Contraband is property used or intended to be used in the commission of certain felonies, or proceeds derived from those felonies. TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(A)-(D); *Silver Chevrolet Pickup*, 140 S.W.3d at 692.

In forfeiture proceedings, the State must show probable cause for seizing a person's property. TEX. CONST. art. I, § 9; *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991). To show probable cause, the State must establish a reasonable belief that a substantial nexus or connection exists between the property to be forfeited and the statutorily defined criminal activity. *$11,014.00*, 820 S.W.2d at 785; *$27,877.00 Current Money of U.S. v. State*, 331 S.W.3d 110, 114 (Tex. App.—Fort Worth 2010, pet. denied). Thus, the State must prove that it

is more reasonably probable than not that the seized property was either intended for use in, or derived from, a violation of the offenses enumerated in the forfeiture statute. *$27,877.00 Current Money of U.S.*, 331 S.W.3d at 114 (citing *State v. Five Thousand Five Hundred Dollars in U.S. Currency*, 296 S.W.3d 696, 701 (Tex. App.—El Paso 2009, no pet.)).

The State may prove the required substantial nexus through circumstantial evidence. *Id.* (citing *$11,014.00*, 820 S.W.2d at 785). When relying on circumstantial evidence, the State must offer evidence that raises more than a mere suspicion regarding the source of the property or money. *Id.*

*Deemed Admissions*

A party may serve on another party—no later than thirty days before the end of the discovery period—written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or a fact or of the application of the law to fact. *See* TEX. R. CIV. P. 198.1. When a party does not return answers to a request for admissions within thirty days, the matters in the request are deemed admitted against that party. *Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998); *see also* TEX. R. CIV. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."). A matter admitted under this rule is *conclusively established as to the party making the admission* unless the court permits the party to withdraw or amend the admission. *State v. Carrillo*, 885 S.W.2d 212, 214 (Tex. App.—San Antonio 2004, no pet.) (emphasis added); TEX. R. CIV. P. 198.3.

Admissions of fact on file at the time of a summary judgment hearing are proper summary judgment proof and will support a motion for summary judgment. *Acevedo v. Comm'n for Lawyer Discipline*, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied). A

party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment based on deemed admissions waives its right to raise any arguments or issues post-judgment. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008). Issues not expressly presented to the trial court by written notice, answer, or other response shall not be considered on appeal as grounds for reversal. *Id.*

### *Application*

In his second point of error, Cardenas contends there was insufficient evidence to demonstrate the vehicle was contraband subject to forfeiture.[4] The State had the burden of proving, as matter of law, that it was more reasonably probable than not that the seized property was either intended for use in, or derived from, a violation of the offenses enumerated in the forfeiture statute. *See $11,014.00*, 820 S.W.2d at 785. The State provided the affidavit of Bryan Smith, the deputy sheriff who executed the narcotics search on the Barraza residence. In his affidavit, Smith swore Sammy Barraza showed him the location of a bag with marijuana, as well as packaging material, a digital scale, and eight firearms located throughout the house. Smith also found $357.96 in U.S. currency in Sammy Barraza's pocket. Smith explained he believed the Barrazas acquired valuable items with the proceeds of narcotics trafficking, and this belief led him to seize, among other things, the 2002 Cadillac Deville parked outside the Barraza residence.

However, the affidavit provides no evidence the vehicle was used or intended to be used in the commission of narcotics trafficking, or that it was proceeds derived from such felony. *See Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d at 692; *see also* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(A)-(D). There is no evidence in the record connecting the

---

[4] Although Cardenas presents his second point of error as a sufficiency challenge, this court must review the evidence under the standard of review applicable to appeals from summary judgments.

Barrazas to the vehicle, other than the fact it was parked outside their home. We hold that simply because the vehicle was parked in or near a residence containing narcotics does not establish the nexus between the vehicle and the sale or distribution of narcotics. *See $7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580, 587 (Tex. App.—Texarkana 2000, no pet.) (noting fact that money is found at or near controlled substance does not establish by itself nexus between money and sale

or distribution of a controlled substance).

Furthermore, in reviewing other forfeiture cases and the evidence used to establish a nexus between the property forfeited and drug trafficking, this court finds no evidence of the kind that reflects the vehicle may have been connected to the Barraza's alleged narcotics trafficking. *See, e.g., $43,774.00 U.S. Currency v. State*, 266 S.W.3d 178, 186 (Tex. App.—Texarkana 2008, pet. denied) (noting secret compartments in vehicle forfeited and alerted by drug dog were evidence supporting nexus between vehicle and drug trafficking). Thus, we hold the deputy's affidavit does not, as a matter of law, establish a nexus between the vehicle and narcotics trafficking. See *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223 (noting plaintiff moving for summary judgment must establish each element of claim as a matter of law in order to be entitled to summary judgment); *$11,014.00*, 820 S.W.2d at 785 (stating State must establish reasonable belief that substantial nexus or connection exists between property to be forfeited and statutorily defined criminal activity).

The State also relied on requests for admissions served on the Barrazas as summary judgment evidence to establish the car was contraband. Those requests for admissions asked the Barrazas to admit, concerning the 2002 Cadillac Deville, that: (1) it was subject to seizure and forfeiture; (2) it was in their possession and under their control; (3) it was proceeds gained from

the commission of a felony under Texas Health and Safety Code sections 481.120 and 481.121 and a felony under Texas Penal Code section 34.02; and (4) the vehicle was acquired with proceeds gained from the commission of a felony under Texas Health and Safety Code sections 481.120 and 481.121 and a felony under Texas Penal Code section 34.02. The Barrazas did not respond to the request for admissions, and therefore, the requests were deemed admitted by the Barrazas. *See* TEX. R. CIV. P. 198.2(c) (noting unanswered requests for admissions are considered admitted without court order).

Although deemed admissions are competent summary judgment evidence, TEX. R. CIV. P. 166a(c), *Acevedo*, 131 S.W.3d at 105, the admissions are only conclusively established as to the party making the admission. *Carrillo*, 885 S.W.2d at 214. Therefore, the Barrazas's admissions are only conclusively established against them, not Cardenas; he was never served with any requests for admissions. The State argues Cardenas did not object to the Barrazas's admissions by filing a controverting affidavit or any other competent summary judgment evidence. However, the State fails to cite any authority, and we have found none, that requires a party to object to another's deemed admissions.

We recognize forfeiture law, as a civil matter, is subject to a lesser standard of proof. *See $43,774.00 U.S. Currency*, 266 S.W.3d at 188. However, we hold the State's evidence did not meet this lesser standard of proof and raised only a mere suspicion that the vehicle was contraband, and did not establish, as a matter of law, a reasonable belief that a substantial nexus exists between the vehicle forfeited and the Barraza's narcotics trafficking.[5] *See $27,877.00*

---

[5] We recognize that under Article 59.02(h)(1) of the Texas Code of Criminal Procedure, property may not be forfeited if the owner, at the forfeiture hearing, proves by a preponderance of the evidence that he was not a party to the offense giving rise to the forfeiture and that the contraband was stolen, purchased with money stolen from the owner, or used without the effective consent of the owner in the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 59.02(h)(1) (West Supp. 2011). However, in the context of summary judgment, as in this case, it is the State who has the burden to prove the nexus between the property and the offense as matter of law before the property owner has any burden of proof.

*Current Money of U.S.*, 331 S.W.3d at 114; *$11,014.00*, 820 S.W.2d at 785.  Accordingly, we sustain Cardenas's second point of error and reverse the trial court's judgment.

### CONCLUSION

We reverse the trial court's summary judgment forfeiting Cardenas's interest in the 2002 Cadillac Deville and remand for further proceedings consistent with this court's opinion.[6]

Marialyn Barnard, Justice

---

[6] We note that in our judgment we assess costs against the State of Texas.  *See* Tex. Att'y Gen. Op. No. DM-459 (1997) (stating that in absence of provision exempting State from liability for costs in particular case, State, like other parties, is liable for costs).