

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00019-CV

PATRICK EVANS                                         APPELLANT

V.

THE STATE OF TEXAS                              APPELLEE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NO. 0989458D

----------

## MEMORANDUM OPINION[1]

----------

Appearing pro se, Appellant Patrick Evans appeals from the trial court's post-conviction order denying his motion for release of a black 2001 Dodge Intrepid.

A jury found Evans guilty of capital murder and sentenced him to life imprisonment, and his conviction was affirmed on appeal. *Evans v. State*, No.

---

[1]*See* Tex. R. App. P. 47.4.

08-07-00213-CR, 2009 WL 2462538, at *1, *11 (Tex. App.—El Paso Aug. 12, 2009, pet. ref'd) (not designated for publication). Evans thereafter filed a writ of habeas corpus, which the Texas Court of Criminal Appeals denied. *Ex parte Evans*, No. WR-76891-02, 2012 WL 4449501, at *1 (Tex. Crim. App. Sept. 26, 2012, order) (not designated for publication).

In June 2014, after his state appeals were final, Evans filed a motion with the convicting court—Criminal District Court Number Two of Tarrant County—requesting release of the Intrepid to Linda Kydd. The trial court denied the motion without a hearing, and Evans perfected this appeal. *See Shields v. State*, 379 S.W.3d 368, 370 (Tex. App.—Waco 2012, no pet.) (holding convicting court's post-judgment ruling on motion to return property was final judgment over which appellate court possessed jurisdiction). He raises two issues, arguing that the trial court erred by denying his motion because the State did not provide him notice of the seizure and the intended forfeiture of the Intrepid and because the City of Fort Worth sold the automobile without being authorized to do so.

Regarding Evans's first issue, chapter 59 of the Texas Code of Criminal Procedure prescribes the procedures governing civil forfeitures. Tex. Code Crim. Proc. Ann. art. 59.05(a), (b) (West 2006); *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 TAG NO. 3TMX16*, 140 S.W.3d 691, 692 (Tex. 2004). A civil forfeiture action is an in rem proceeding against contraband. *Silver Chevrolet Pickup*, 140 S.W.3d at 692. Contraband is property used or intended to be used in the commission of certain felonies or proceeds derived from those

2

felonies. Tex. Code Crim. Proc. Ann. art. 59.01(2) (West Supp. 2014). Property that is contraband is subject to forfeiture and may be seized by any peace officer under authority of a search warrant. *Id.* art. 59.03(a) (West Supp. 2014). If a peace officer seizes property under chapter 59, the attorney representing the State shall commence proceedings not later than the thirtieth day after the date of the seizure by filing a notice of the seizure and intended forfeiture in the name of the State with the clerk of the district court in the county in which the seizure is made and by attaching to the notice the peace officer's sworn statement under article 59.03. *Id.* art. 59.04(a), (b) (West Supp. 2014); *In re Cornyn*, 27 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding) (stating that "[j]urisdiction over seized property extends to different courts at different times and for different purposes: for example, . . . to the judge of the court in which the indictment is presented, for any matter concerning the property").

The State points out that the record before us contains no documents, paperwork, or evidence that the Intrepid was ever seized as contraband and then turned over to the State. The convicting court's docket sheet does not indicate that the State filed a notice of seizure and intended forfeiture or that the convicting court entered an order of forfeiture related to the Intrepid. The record simply contains no evidence that the Intrepid was ever brought into the convicting court's possession or control.[2] In the absence of evidence that the State

---

[2]Although not part of the appellate record, Evans attached a copy of a search warrant affidavit to his brief. The affidavit states that the Fort Worth

3

instituted a forfeiture proceeding concerning the Intrepid and in the absence of evidence that the Intrepid was brought into the convicting court's possession or control, we cannot hold that the trial court erred by denying Evans's motion for release of property, which was premised on the State's purported violations of the civil forfeiture laws set forth in chapter 59 of the code of criminal procedure. We overrule Evans's first issue.

In his second issue, Evans complains that the City of Fort Worth sold the automobile without authorization. Again, there is nothing in the record before us to support this contention. Additionally, the motion for release of the Intrepid that Evans filed in the trial court did not raise this issue. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Because no evidence exists in the record supporting Evans's second issue and because this complaint was waived, we overrule Evans's second issue.

---

Police SWAT Unit Officers impounded the Intrepid after the driver, Michael Howard, was arrested for a narcotics violation. The affidavit sought a warrant to search the Intrepid. Thus, this affidavit provided by Evans supports the position that the Intrepid was impounded and eventually sold, not forfeited.

Having overruled Evans's two issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  April 23, 2015