

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00038-CV

The **STATE** of Texas,
Appellant

v.

**1997 CHEVROLET 1500, VIN 2GCEK19R8V1215273** (Travis Vernon Hodges and Texas
Car Title & Payday Loan Services, Inc.),
Appellees

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 16225A
Honorable N. Keith Williams, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED

The State of Texas appeals from the trial court's order dismissing, with prejudice, its

forfeiture case. We affirm.

### BACKGROUND

The State filed a petition titled, "State's Original Notice of Seizure and Intention to

Forfeit," in which it alleged that the 1997 Chevrolet 1500 Extended Cab, VIN

2GCEK19R8V1215273, was contraband as defined by article 59.01(2) of the Texas code of

criminal procedure and was subject to forfeiture because it was used or intended to be used in the

commission of a felony. Attached to the petition was a sworn statement from the seizing officer, setting forth the facts the State relied on to form the basis of its claim.

The vehicle's owner, Travis Vernon Hodges, answered the petition with a general denial.

The State filed two supplemental petitions and a supplemental affidavit by the seizing officer.

Eventually, Hodges moved to strike the State's pleadings and to dismiss the case. Hodges argued that under chapter 59 of the Texas code of criminal procedure, which governs forfeiture cases, an officer's sworn statement is required to meet the technical requirements of an affidavit and, in this case, the officer's sworn statement failed to do so.

The trial court held a hearing on Hodges's motion. At the hearing, the State acknowledged the officer's initial sworn statement did not meet the technical requirements of an affidavit; however, the State also argued the officer's supplemental affidavit cured any deficiencies in his initial sworn statement. At the end of the hearing, the trial court indicated that it would give Hodges additional time to provide the court with cases.

Hodges subsequently filed a supplemental motion to dismiss re-urging his previously-asserted ground for dismissal under chapter 59. Additionally, as an alternative ground for dismissal, Hodges urged the trial court to dismiss the State's petition under section 21.001(a) of the Texas government code because of the State's repeated noncompliance with pretrial orders.

The trial court signed an order granting Hodges's motion and dismissing the State's forfeiture case with prejudice. The dismissal order did not state the ground on which the trial court based its ruling. The State appealed.

## DISCUSSION

Chapter 59 of the code of criminal procedure sets out the procedures governing civil forfeitures. *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d 691, 692

(Tex. 2004). Under chapter 59, parties must comply with the pleading rules utilized in other civil suits. TEX. CODE CRIM. PROC. ANN. art. 59.05(a) (West 2018). Additionally, forfeiture cases proceed to trial in the same manner as other civil cases. *Id*. art. 59.05(b). The State commences a forfeiture case by filing a notice of the seizure and intended forfeiture with the district court in the county where the seizure occurred. *Id*. art. 59.04(b). The peace officer who has custody of the seized property must provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgement that the officer has seized the property, and a list of the officer's reasons for the seizure. *Id*. art. 59.03(c). The peace officer's sworn statement must be attached to the notice of seizure filed in the district court. *Id*. art. 59.04(b).

In this appeal, the State contends we must reverse the dismissal order because the record does not support the dismissal of its forfeiture case. Specifically, the State argues the trial court erred in granting Hodges's motion to dismiss because chapter 59 does not require the officer's sworn statement to meet the technical requirements of an affidavit. *See id.* art. 59.03(c). The State further argues that even if the officer's sworn statement was required to meet the technical requirements of an affidavit, the trial court should not have dismissed the State's case because it filed a supplemental affidavit that cured any deficiencies in the officer's initial sworn statement. Additionally, the State argues that the dismissal of its case cannot be upheld under Rule 91a (Dismissal of Baseless Causes of Action) or Rule 165a (Dismissal for Want of Prosecution) of the Texas Rules of Civil Procedure, or under the trial court's inherent power to dismiss for want of prosecution. *See* TEX. R. CIV. P. 91a, 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

On the other hand, Hodges argues the trial court properly dismissed the State's forfeiture case under section 21.001(a) of the government code because of the State's repeated noncompliance with pretrial orders. *See Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 279-

80 (Tex. App.—Dallas 2003, pet. denied) (concluding that under section 21.001(a) the trial court had the inherent power to strike a party's pleadings and enter judgment for the opposing party in response to repeated noncompliance with the trial court's orders); TEX. GOV'T CODE ANN. § 21.001(a) (West 2004).[1]

Here, the dismissal order does not state the ground on which the trial court's ruling is based. One of the grounds asserted in Hodges's supplemental motion to dismiss was section 21.001(a) of the government code. However, the State does not challenge this ground on appeal. "On appeal, the appellant must challenge all independent grounds supporting the judgment." *Shirley v. Butcher*, No. 06-16-00089-CV, 2017 WL 1538164, at *3 (Tex. App.—Texarkana Apr. 27, 2017, pet. denied). When an independent ground fully supports the judgment, but the appellant assigns no error to that ground, the appellate court must accept the validity of the unchallenged ground. *Conely v. Texas Bd. of Criminal Justice*, No. 03-08-00293-CV, 2010 WL 1632972, at *1 (Tex. App.—Austin Apr. 22, 2010, no pet.); *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet). When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the judgment. *Harris v. General Motors Corp.*, 924 S.W.2d 187, 188-89 (Tex. App.—San Antonio 1996, writ denied).

Because the State's appeal does not challenge the validity of the trial court's dismissal order under section 21.001(a) of the government code, we must accept the validity of this ground and affirm the order. We, therefore, affirm the trial court's dismissal order.

---

[1]Section 21.001(a) provides:

> A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction.

TEX. GOV'T CODE ANN. § 21.001(a) (West 2004).

Karen Angelini, Justice

Karen Angelini, Justice