NO. 07-10-00254-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 28, 2011

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, acting *pro se,* seeks a writ of mandamus directed at respondent, the Honorable Robert W. Kinkaid, Jr., Judge of the 64th District Court of Hale County.  Relator's amended petition asks that we direct Judge Kinkaid to sign an order granting relator's request for a temporary restraining order. We will deny relator's amended petition.

To be entitled to mandamus relief in a circumstance like this, a relator must show that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal.  *In re McAllen Medical Center Inc.,* 275 S.W.3d 458, 462 (Tex. 2008), *citing In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004).  The mandamus record must include every document that is material to the claim for relief and that was filed in the underlying proceeding.  Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth*

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

*Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992). This means relator must provide an adequate record to substantiate the allegations contained in the petition for mandamus. *Id.; Packer,* 827 S.W.2d 833, 837 (Tex. 1992). Absent a sufficient record, mandamus will not issue. *Id.*

Relator asserts he filed "a TRO" and an "amended TRO" in the trial court and sent copies directly to respondent. The record does not contain copies of either application, making the record insufficient on which to grant relator's petition for mandamus. Tex. R. App. P. 52.7; *Dallas Morning News,* 842 S.W.2d at 658; *Packer,* 827 S.W.2d at 837. For that reason alone, relator's petition must be denied.

Moreover, relator's amended petition falls considerably short of demonstrating Judge Kincaid clearly abused his discretion with respect to relator's request for relief. The petition does not demonstrate even minimal compliance with the rules regarding issuance of a temporary restraining order. *See, e.g.,* Tex. R. Civ. P. 680, 684.

Nor does relator demonstrate compliance with other provisions of law applicable to his civil suit. Through the numerous appeals and original proceedings relator has filed in this court, we take judicial notice of the prefiling order that requires relator to obtain the permission of the local administrative judge before filing a civil suit in a Texas court.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 *et seq.* (West 2002); Tex. R.

---

[2] *See In re R. Wayne Johnson*, No. 07-09-0035-CV, 2009 Tex. App. Lexis 6831, *4-5 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding) (per curiam, mem. op.) (addressing order of 156th Judicial District Court of Bee County declaring relator a vexatious litigant). Order available at http://www.courts.state.tx.us/oca/vexatiouslitigants.asp. Nothing in relator's petition or the record indicates he obtained, or even requested, permission of the local administrative judge to file his civil suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant subject to

Civ. P. 685 (on grant of temporary restraining order, cause shall be entered on docket of court if not pertaining to pending suit). Nothing shows relator has complied with Chapter 11 of the Civil Practice and Remedies Code.

Relator's petition indicates also that relator is an inmate in the Institutional Division of the Texas Department of Criminal Justice. The action he seeks to bring in Judge Kincaid's court is not brought under the Family Code. The action therefore is subject to the inmate litigation provisions of Chapter 14 of the Civil Practice and Remedies Code, and nothing demonstrates relator has complied with its requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002 (scope of chapter), 14.004 (requiring filing of affidavit relating to previous filings) (West 2009).

For all those reasons, relator's mandamus petition fails to demonstrate an abuse of discretion on Judge Kincaid's part.

Lastly, while the body of relator's petition for mandamus indicates he is asking this court to order Judge Kincaid to either grant or deny his request for a temporary restraining order, the order relator has submitted with his petition, which relator requests that we direct the judge to sign, grants the relief sought. Relator thus is not simply asking us to direct the trial court to rule, he is asking us to direct the ruling of the trial court on a matter on which it has not ruled, an improper request. *See, e.g., In re Duffy,* No. 07-09-0090-CV, 2009 Tex. App. Lexis 2738, at \*4-5 (Tex.App.--Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.); *In re Minnfee,* No. 07-09-0005-CV, 2009 Tex. App. Lexis 332, at \*1-2 (Tex.App.--Amarillo Jan. 16, 2009, orig. proceeding) (per curiam).

---

prefiling order unless litigant obtains order from local administrative judge permitting filing).

For the reasons stated, we deny the petition for writ of mandamus.[3]


James T. Campbell
Justice

---

[3] In this proceeding, relator also has filed a motion in which he suggests the trial court lacks jurisdiction over the suit he filed in Hale County because of the mandatory venue provision of § 15.019 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.019 (West 2009). Relator is incarcerated in Potter County. A court does not lack jurisdiction merely because it is an improper venue under the mandatory venue provision of § 15.019 of the Civil Practice and Remedies Code. *Scott v. Gallagher,* 209 S.W.3d 262, 264 (Tex.App.--Houston [1st Dist.] 2006, no pet.); *In re Johnson,* 12-07-00032-CV, 2007 Tex. App. LEXIS 673 (Tex. App.--Tyler Jan. 31, 2007, orig. proceeding) (mem. op). If a cause of action is a statutory cause of action, as opposed to a constitutional or common law cause of action, and the statute provides that suit must be prosecuted in the courts of a single county, such provisions have been said to be jurisdictional. *See State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.— Corpus Christi 1989, writ denied) (so holding and citing cases). Having no trial court pleadings before us, we are not in a position to consider whether relator's underlying suit implicates the doctrine discussed in *Benavides,* 772 S.W.2d at 273. Because the record before us is inadequate and because of the procedural posture of the case in the trial court, we decline to address relator's motion further. Accordingly, relator's motion is dismissed.

4